LOUIS H. .PRIME *vs.* EDWARD COBB.

*Replevin may be maintained without demand against one having no title.*

No previous demand upon a *bona fide* purchaser of a chattel from one who had no authority to sell it is necessary to enable the true owner to maintain replevin.

Such purchaser is not lawfully in possession as against the owner.

ON MOTION FOR A NEW TRIAL.

Replevin of a white horse, known as "the McGlinchy horse." At the trial in the superior court, the plaintiff testified that he lived in the "Barracks" in Portland with his mother, in whose name as next friend this suit was instituted, he being a minor; that his business was emptying ashes; that he drew his earnings from the savings bank and bought a horse for $38; that the next day a Frenchman, named Verdun, came and said he could get him a harness and another horse for that one, and did exchange him for a gray one, which Verdun said was worth $40 or $50, but as Louis was not satisfied with him Verdun swapped again for a red horse, which the boy led home and put up, and then discovered had but three feet, one hoof being gone, whereupon he took him back and left him in Verdun's yard, who subsequently traded him off for this McGlinchy horse. When Louis went for this last animal, Verdun told him if he did not keep away he (Verdun) would kick him, and the Frenchman afterwards sold the beast to the defendant.

Mrs. Prime testified to the same effect, except that Verdun promised that he would swap the horse first purchased for a horse and wagon, and would lend the boy an old harness, so that he could have a whole team to work with; and that her son did not notice that the red horse had but three feet, till she called his attention to this defect.

She was corroborated as to the promises of a wagon and harness by a neighbor who heard them made. The officer who served the writ swore that, before executing it, he demanded the horse of Cobb, who did not deliver him, and thereupon he took him by force of his precept.

Felix Verdun, called by the defendant, said he bought the red horse for the boy for twenty dollars, and told his mother he would take him, at the same price, when he found they were dissatisfied; but that he could not pay her till he sold the horse; to all of which they assented; that he then swapped for the horse replevied, paying four dollars to boot, and offered Mrs. Prime her $20, which

she refused to take, claiming this McGlinchy horse instead; and that he then sold this last horse to Mr. Cobb. Upon cross-examination he added a statement that he had paid the boy twenty dollars, received for the gray horse, before he bought the red one. The jury returned a verdict for the plaintiff and assessed the damages for the detention of the horse at twenty-five dollars, all but one of which the plaintiff remitted. The defendant claimed that the verdict was against law and evidence, and showed there was no demand upon Cobb before the writ was given the officer; wherefore he asked to have it set aside.

*Cobb & Ray*, for the defendant.

*Motley & Blethen*, for the plaintiff.

BARROWS, J. It was for the jury to determine the character and result of the negotiations between the plaintiff and Verdun. Their transactions were verbal throughout, and it was the business of the jury to ascertain what they said and did, and their mutual intentions in the premises.

The jury appear to have found that up to the time when Verdun refused to permit the plaintiff to take the horse in dispute he had been acting as the plaintiff's agent in the various trades.

This finding is not so clearly inconsistent with the evidence as to authorize us to set it aside. The horse here replevied appears to have been procured by Verdun in exchange for one which he had got for the plaintiff. If the plaintiff notwithstanding the losses incurred in the previous trades was still willing to abide the result of further operations by Verdun, we see no good reason why he should not claim the possible benefit accruing therefrom. This he seems to have done, and to have demanded the horse of Verdun who refused to surrender him and subsequently sold him to the defendant.

The defendant, at best, is but a *bona fide* purchaser from one who had no right to sell the property in controversy. Under these circumstances he cannot be held to be lawfully in possession as

against the true owner. No demand upon him was necessary in order to maintain the action. *Galvin* v. *Bacon,* 11 Maine, 28. Out of abundant caution the plaintiff has remitted all but nominal damages. Hence no question arises upon this point.

*Motion overruled.*
*Judgment on the verdict.*

Appleton, C. J., Walton, Dickerson, Virgin and Peters, JJ., concurred.