## Edward H. Davis v. Margaret Zimmerman.

*Gift from Husband to Wife—Change of Possession—Estoppel—*
*Value of Chattels shown in Trover.*

A man gave a chattel mortgage under which the mortgagee claimed certain articles which the mortgagor's wife testified that her husband had given her before its date. *Held* that her testimony, that her husband gave her specified articles could not be treated as stating a conclusion of law only, but that it averred the act of giving, and in the absence of qualifying testimony, would justify a finding that a gift was made.

In determining whether a gift has been made, the question of change of possession must be considered in connection with the other facts in the case; as where it passes between married persons living together.

Open and visible change of possession can hardly be required to establish the fact of a gift from a husband to his wife when they are living together.

A wife claimed ownership of a horse as given to her by her husband, and testified that after the gift was made she went to the stable where the horse was kept and gave directions respecting its keeping, and that she afterwards controlled it. *Held* admissible as *res gestæ* and as tending to show that possession was delivered.

Where a woman claims property as a gift from her husband, the only question is whether she establishes her right by a fair preponderance of evidence. But it is proper to consider the circumstances of the relation and the facility with which fraud may be perpetrated under its protection.

A wife who knows that her husband is about to include some of her own property in a chattel mortgage given in part to secure payment for her own board, is estopped from claiming the property as against the mortgage if she neglects to assert her right to it at the time. But evidence that she knew it long afterwards, and when the mortgagee had taken the property, is immaterial.

The fact that a husband when perfectly solvent gave expensive presents to his wife does not concern a creditor of his, claiming property adversely to her under a chattel mortgage in which her husband had included it without her knowledge or consent.

A wife brought trover for chattels belonging to her but seized under a mortgage given by her husband, and she gave evidence of their value. *Held* that defendant might meet this, by showing

that after seizure he had caused the chattels to be publicly advertised and sold, and that sums were realized much below the value as shown by the plaintiff.

In trover by a wife for chattels belonging to her but seized and sold under a mortgage given by her husband, evidence of the prices realized on the sale, which was admissible to rebut the plaintiff's evidence of value, was excluded, and it was urged that its exclusion did not injure the defendant inasmuch as it could not have been a safe guide to the jury, as bidders must be presumed to have allowed for contingencies of title. *Held* untenable, as they might also have supposed that plaintiff meant to rely on recovering damages in the action brought by her for conversion.

Error to Kalamazoo. Submitted November 19, 1878. Decided January 8, 1879.

TROVER. Defendant brings error. The facts appear.

*Brown, Howard & Roos* for plaintiff in error. A husband's gift to his wife must be so delivered as to show change of ownership, *M'Kinstry v. Solomon*, 2 Johns., 56; *Allen v. Cowan*, 28 Barb., 99; *Brewer v. Harvy*, 72 N. C., 176; *Brawn v. Keller*, 43 Penn. St., 104; *Gamber v. Gamber*, 18 Penn. St., 363; *Keeney v. Good*, 21 Penn. St., 349; *Flick v. Devries*, 50 Penn. St., 266; *Keichline v. Keichline*, 54 Penn. St., 75; *Rhoads v. Gordon*, 38 Penn. St., 279.

*Henry C. Briggs* and *T. R. Sherwood* for defendant in error. Title by gift passes to a wife if she accepts the property and exercises such control over it as is usual where a wife owns such property originally, *Ivey v. Owens*, 28 Ala., 641; *Easly v. Dye*, 14 Ala., 158; *Danley v. Rector*, 10 Ark., 211; *Ector v. Welsh*, 29 Ga., 443; *Jackson v. Dean*, 1 Doug. (Mich.), 519; *Turner v. Brown*, 6 Hun, 331, and the question whether a gift was made is proper for the jury, *Hunt v. Hunt*, 119 Mass., 474; *Wing v. Merchant*, 57 Me., 383; *Boudreau v. Boudreau*, 45 Ill., 480; *Thomas v. De Graffenreid*, 17 Ala., 602.

COOLEY, J. The action in the court below was trover to recover the value of a horse, a buggy, a sleigh, a

40 MICH.—4.

quantity of household furniture and ornaments, some articles of female apparel, etc.    Many of these were claimed by the plaintiff as gifts from James Zimmerman, her husband.    The plaintiff in error, defendant below, claimed all the articles under a chattel mortgage given by the husband subsequent to the alleged gifts.    The chattel mortgage bore date July 29, 1875, and was not signed by the wife.    The principal controversy in the court below was over the question of fact, whether the alleged gifts had ever been made.    In general terms Mrs. Zimmerman testified that they had been.    Thus she said of the horse: "He gave me the horse in the fall of 1871."    And again: "My husband also gave me some robes, a harness and a cutter.    Wolf robe and lap-robe was given to me in the summer of 1872.    The robe was given to me in the winter of 1873.    He said, 'I bought these things for you.'    When he brought up the buggy he brought it to the door and asked me to go for a drive. He said he had bought that buggy for me, and 'now give it to you, with the horse, for your own use, to do as you please with it.'    After he gave it to me I used the horse and every thing about it."

It is insisted for the defense that there was no evidence of a gift which should have been submitted to the jury.    The exact point seems to be that Mrs. Zimmerman swore only to conclusions of law; but it is further said that it did not appear that exclusive possession of the property was given to her in any case, or that, when the gift was by the husband, there was any change of possession whatever.    We cannot agree that there was no evidence of a gift.    As to many of the articles facts were stated which would make out a gift if possession was actually delivered, and as to all of them there was some evidence.    The mere statement, "My husband gave me some robes," cannot be treated as a conclusion merely; it avers the act of giving, and would justify a finding that a gift took place, if nothing was drawn out on further examination to qualify it.

The question of a change of possession must be considered in connection with the other facts in the case. It was shown by the plaintiff that after the gift of the horse she went to the stable where it was kept and gave directions respecting the keeping, and afterward controlled it. This evidence was objected to, but it was quite proper as a part of the *res gestæ* and as tending to show whether that was done in respect to possession which should have been done under the circumstances. But it is no doubt true that in respect to the property in general there was no open and visible change of possession. But how could there have been? The donor and donee were husband and wife, living together at a public hotel. Must she separate from him in order to be competent to receive from him a gift? If he gives her a picture or an article of furniture, must she procure it to be kept by some one else instead of placing it in her own apartment?

Some Pennsylvania cases are cited in which the court has used somewhat strong language respecting the evidence which should be required to make out a gift from husband and wife. Chief Justice Black said in *Gamber v. Gamber*, 18 Penn. St., 363–366, that a married woman claiming property must show her right "by evidence which does not admit of a reasonable doubt." This is a very strong statement, and lays down a much more severe and stringent rule than is applied to other persons. In this State no such distinction is recognized. Convincing proof is required, but nothing more. No doubt the circumstances of the relation, and the facility with which frauds may be accomplished under the pretense of sales or gifts between husband and wife ought to be carefully weighed in determining whether or not a gift has been made, but when all are considered the one question and the only question is, whether the wife has established her right by a fair preponderance of evidence: if she has, no court has any business to require more.

The plaintiff sought to estop the wife from claiming the property as against his mortgage by showing that

the mortgage was given in part for her own board, and that she, knowing that fact, failed to notify defendant of her claim. Had she known at the time, that the defendant was to take a mortgage as security for the payment for her board subsequently, and failed then to assert her right, there would be justice in setting up an estoppel against her. But there was no offer to show any such fact. The offer made was to show her knowledge long afterwards, and when defendant had taken the property into his own possession. It was manifestly immaterial at that time. So was the offer of evidence to show that plaintiff's husband gave her an expensive diamond in 1875. The fact did not concern this defendant in any way. It was shown by undisputed evidence that at that time the husband was perfectly solvent, and apparently able to make such a gift without wronging any one.

Other errors are assigned which have no force, but there is one upon which the judgment must be reversed. The plaintiff put in considerable evidence to show the value of the property. The defendant was entitled to meet this by any evidence that would fairly tend to qualify or rebut it. Among other things, he sought to show that after he took the property on his chattel mortgage he caused it to be publicly advertised and sold at auction by a constable, and that sums were realized much below the value as testified to by the plaintiff's witness. This was competent evidence. *Smith v. Mitchell,* 12 Mich., 180; *Worthington v. Hanna,* 23 Mich., 530.

A witness testified that the horse was advertised and sold, and that he brought at auction $60, or perhaps $65 or $75. But when the constable testified in respect to other articles, that he made sale of them, after advertising them, the evidence that he advertised them was struck out, and the defendant was not suffered to show what notice of the sale was given, and it did not even appear whether or not the sale was a public sale. Yet the judge by his charge made this of prime importance. He told the jury that unless there was evidence before

them from which they could say that the sale was publicly advertised, then the evidence of the prices at which the articles were sold was no evidence at all. This of course rendered what had been testified on that point wholly immaterial. There was no such evidence of public advertisement, for the very sufficient reason that the judge had ruled it out.

It is said in this court that even if evidence of the prices paid at the auction sale were technically admissible, yet that under the circumstances of this case it could constitute no safe guide for the jury, for the reason that, the property being claimed by Mrs. Zimmerman, the presumption must be that persons attending the sale would make allowance in their bids for the contingencies of title. The conclusion we are asked to draw is, that the plaintiff in error cannot be supposed to have been injured by evidence which, though admissible, the jury ought not to have regarded. But the same argument might have been made in *Smith v. Mitchell*. And it may be remarked that it does not appear that any dispute concerning the title was made known at the time of the sale, and if it had been, bidders might well have supposed Mrs. Zimmerman intended to rely on her suit for the recovery of damages for the conversion of her property instead of following it in the hands of purchasers.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.