NOFFSINGER v. BAILEY *et al.*, *Appellants.*

1. **Instructions**: PRACTICE IN THE SUPREME COURT. Where an unobjectionable instruction submitted to the jury an issue upon which the verdict might properly have been found, the judgment will not be reversed because another instruction was given which presents a different issue, based only upon evidence which, in the opinion of this court, would not have authorized the verdict. If it cannot be said that there is absolutely no evidence upon which the instruction could be predicated, the judgment must stand.

2. **Damages**: EVIDENCE. Where the evidence shows that damages have been sustained in the execution of a contract, but there is no evidence of the amount, and it appears that a specific sum has already been paid as damages, there can be no further recovery.

3. **Practice**: INSTRUCTIONS. It is no error for the judge, with the consent of counsel on both sides to indorse on instructions already given additional directions to the jury.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*Boggess & Cravens* for respondents:

*Slavens* and *Gates & Wallace* for appellants.

HENRY, J.—Plaintiffs were pork packers, and engaged to kill, cure and pack for defendants a lot of hogs; and a portion of the pork was damaged, defendants allege, in consequence of the negligent and unskillful manner in which it was handled by plaintiffs; who, on the contrary, allege that, against their judgment and advice, they were ordered by defendants to kill at a time when the weather was too warm, and that the damage resulted from that fact, and not from their unskillful or negligent handling of the meat. After the business was concluded, plaintiffs called upon defendants for a settlement. Defendants had previously claimed compensation for the damaged meat, and when a settlement was demanded by plaintiffs, who in-

formed defendants that there was a balance in defendants' favor due from plaintiffs of $1,783.51, a much larger amount than defendants supposed, they agreed to receive $2,000 in full of all demands. There was a mistake in the account in the addition of the debits and credits on plaintiffs' books of exactly $2,000, and the exact balance due plaintiffs, without any credit for damaged meat, was $216.49, and plaintiffs sued defendants for $2,000 as paid by mistake, making no claim against them for $216.49, balance against them on the account, because, in the settlement, that amount had been allowed to defendants for damaged meat, and the receipt given by them for the $2,000, specified that $216.49 of that sum was for damages to meat. Defendants alleged that the reason the receipt was given in full for damages was, that if there was a balance of $1,783.51 due them on the account, they had not sustained damages to the amount they supposed, and were willing to accept the two sums in full satisfaction. There was a trial of the cause and plaintiffs recovered a judgment for $2,000, from which defendants appealed.

Evidence for plaintiffs fully established the mistake in the account, and tended to prove that the injury to the meat was occasioned by the peremptory order of defendants to kill at an unseasonable time. That for defendants tended to show that the damage was occasioned as they alleged, but evidence of the amount, or tending to approximate to the amount of the damage so sustained, beyond what was allowed by plaintiffs in that settlement, was not introduced. The court, at the instance of plaintiffs, gave the following instruction: If the jury believe from the evidence that the defendants, on the 11th day of May, 1875, with full knowledge of all the facts connected with the spoiled or damaged condition of the pork slaughtered, cured and packed for them by plaintiffs, received from plaintiffs, in full satisfaction and settlement of all damages occasioned by such spoiling and deterioration of said pork, on an agreement of compromise and settlement

thereof, between plaintiffs and defendants, the sum of $216.49, and which sum was thereupon credited to defendants on the books of plaintiffs, and included in the footings of said account and in the amount on said day paid by plaintiffs to defendants, and receipted to plaintiffs by defendants, in full of all such damages, then the defendants are not entitled, in this action, to anything on account of such damage, and the plaintiffs must recover.

Appellants' counsel contend that "the instruction is vicious because there was no evidence that defendants had 1. INSTRUCTIONS: 'full knowledge' of the extent of the dam-
practice in the su-
preme court. age occasioned by the spoiled meat." They had signed a receipt for $216.49 in full settlement and adjustment of any and all claims they had upon plaintiffs on that account. This was certainly evidence tending to show that they knew to what extent they were damaged. If their testimony alone is to be considered, there was no evidence of such knowledge; or if taken in connection with the other evidence, it would afford good ground for an argument to the jury that they had not such knowledge; but we cannot say there is absolutely no evidence in the record upon which the instruction could be predicated. Nor does it follow because, on that state of facts, defendants are precluded from recovering an additional amount for damaged meat, that plaintiffs are also precluded from recovering the money paid by them to defendants in consequence of a mistake in the addition of a column of figures. If defendants received $216.49, as they state in their receipt, " in full of all demands for damages to the meat," with full knowledge of the extent of that damage, that settles the controversy betwixt the parties in regard to the damaged meat, and the mistake in the account is a different matter. In the theory and testimony of defendants, the two are connected, and defendants have some claim, but the issues of fact were submitted to the jury, and we will not disturb their finding, because we might, as jurors, have found differently. Other instructions submitted to

the jury the effect, upon the question of damages, of the peremptory order given by defendants to plaintiffs, if given, to kill the hogs at an unseasonable time, and this may have been the ground upon which the verdict was found for plaintiffs. As there was no error in the instruction above copied in full, and the verdict may have been rendered for plaintiffs because the jury found that defendants ordered the killing of the hogs at an unseasonble time, and that the killing at such time occasioned the damage, we would not feel at liberty to reverse the judgment, although we might think the verdict unwarranted by the evidence on the issue presented by the instruction complained of.

But, in addition to this, we may add, as fatal to the defendants' case, without regard to the alleged error in the instruction complained of, even conceding it to be erroneous, that there was not a particle of evidence to show that defendants had sustained damages in spoiled meat, in any specific sum, beyond the amount they received in the settlement on that account. The testimony was that they were damaged, but no witness stated to what extent, and the jury could not, on the evidence, have allowed them a cent beyond what they had received, and, therefore, the court could not have given an instruction to the jury to allow the defendants any amount for damages for spoiled meat, but on the contrary, might properly have instructed the jury that the defendants having failed to introduce any evidence to prove the extent of their damage, they would be entitled to nominal damages only, but having received $216.49 on that account, the jury could allow them nothing for damaged meat. This left but one issue for the jury, which was, whether the alleged mistake had occurred, and whether in consequence thereof defendants had been paid more than they had a right to demand.

The direction to the jury by the court, in writing on the instruction, with the consent of counsel on both sides,

2 DAMAGES: evi-
dence.

3. PRACTICE: in-  was not error.   On the issue and evidence,
structions.        the jury could not have found less than $2,000
for plaintiffs.   The judgment is affirmed.   All concur.