MARILLA SCHOOLER AND I. N. SCHOOLER, HER HUS-BAND, Respondents, v. SAMUEL SCHOOLER, Appellant.

**Kansas City Court of Appeals, May 25, 1885.**

1. PRACTICE—HUSBAND AND WIFE—EFFECT OF DISMISSAL BY HUS-BAND.—In a suit in which a husband is joined with his wife for conformity, his withdrawal from the suit or dismissal of it will not work a discontinuance of the suit, if he has abandoned his wife, abjured the state and is living in concealment. *Phelps v. Waters*, 78 Mo. 320.

2. GIFT OF PERSONAL PROPERTY—WHAT IS NECESSARY TO CONSTI-TUTE—RELATIONS OF DONOR AND DONEE, AS HUSBAND AND WIFE.—Delivery of the property is essential to constitute a valid gift of personalty *inter vivos* and *causa mortis*. But a husband may make a gift of personal property to his wife without the intervention of

a trustee, and courts of law, as well as of equity, will now recognize and enforce her rights in respect thereof. *McCoy v. Hyatt*, 80 Mo. 130.

3. —— CHANGE OF POSSESSION.—The matter of *change of possession* is often necessarily a relative question. Regard must be had to the relation of the donor and donee, and the situation of the property. It would be unreasonable, as it might be utterly impracticable, for the wife receiving such gifts from the husband to take it away and keep it at other place than the common home. *Davis v. Zimmerman*, 40 Mich. 24. And in some cases, as property presented at marriage, no delivery, actual or symbolical, is necessary ; the husband, in contemplation of law, never had the possession of these articles. *Wheeler v. Wheeler*, 43 Conn. 505.

4. PRACTICE—INSTRUCTIONS—HOW TO BE CONSTRUED WITH EVIDENCE.— Instructions must all be taken together, as well as all the evidence, *and if in view of all*, the verdict was for the right party it should not be disturbed, notwithstanding the faulty declaration in one instruction.

APPEAL from Jasper Circuit Court.—HON. M. G. McGREGOR, J.

*Affirmed.*

Statement of case by the court.

This is an action of replevin instituted by the plaintiff, Marilla Schooler, a married woman, with whom is joined I. N. Schooler as her husband. The subject matter of controversy is certain household goods, and a cow and calf, alleged to be the property of the plaintiff, Marilla. The suit was brought in a justice's court, where the plaintiff recovered judgment. The defendant duly prosecuted his appeal to the circuit court. When the case came up there for trial before a jury, the following paper was filed in the cause :

"I hereby voluntarily dismiss the above suit.
                                   "I. N. SCHOOLER,
                                           "Plaintiff."

On the hearing of said motion it was admitted that the plaintiffs, Marilla and I. N. Schooler, were husband and wife, and that plaintiff, I. N. Schooler, had, prior to the commencement of this action, abandoned his wife and co-plaintiff, Marilla Schooler, and had left this state,

and was concealing his whereabouts from her. The court thereupon refused to permit said plaintiff to dismiss said suit, to which refusal so to do defendant excepted at the time.

The evidence of the plaintiff Marilla was as follows:

"That the property in controversy belonged to her; that the stove and household furniture was *purchased for her* and given to her at the time of her marriage to her co-plaintiff, who was a son of defendant, and a few days before she was to be confined her husband took her to her father's, and that during her confinement he and defendant carried away the same, and that defendant still holds possession of them, and did hold possession at the time of bringing this action. That the cow and calf were given to her by her husband soon after their marriage. That he drove them up to the house and called her out and said: 'Here, Marilla, I give you this cow and calf for your own; take care of them.' He then turned them over to me, and I milked the cow and fed and took care of both of them, until just before my confinement, when defendant's wife came and told me I ought not to be milking and feeding them. She said she would take them to defendant's pasture and milk the cow and let me have milk until I got well enough to look after them. That the value of the property was as stated in her petition."

*Cross-examined:* The witness testified that the cow and calf belonged to her husband when they were married; that they had been kept at the defendant's farm prior to that time, and that after they were married, when her husband brought the cow home, he gave it to her; that they kept it a few months, when the cow and calf was, by her co-plaintiff and husband, taken back to his father's (the defendant), where they have remained ever since; that the stove in controversy was purchased by her husband, and paid for by defendant, at the time of their marriage; that at the time it was purchased her husband told her that he had purchased it for her, and that the stove was used by them while they kept house,

and that when she went to her father's the stove was left in the house where they had lived."

The evidence on the part of the defendant tended to show that he was the father of I. N. Schooler. The cow seems to have been raised as the property of I. N. Schooler, and when he married he took her to his home. When the cow was brought back to defendant's house, he testified that his wife bought her and the calf of I. N. Schooler; and he (defendant) bought the stove from him. He also claimed that he did not know the plaintiff, Marilla, made any claim to this property. This property was moved from the home of plaintiffs to defendant's when Marilla was confined.

The court gave the following instructions on the part of the plaintiff:

1st. "The court instructs the jury that if they believe from the evidence that Isaac Schooler gave the property in controversy to his wife, the plaintiff, then he could not afterwards sell the same without her written assent, and in order to constitute a gift between husband and wife, any words by him indicating a present gift of the property, would pass the title to her, notwithstanding the property was not at the time actually turned over to her, but remained in the common possession of both. But if said Isaac N. Schooler, after giving same to his wife, remained in possession thereof, and acted as the ostensible owner, and defendant bought said property, or any part thereof, in good faith, believing said Isaac N. Schooler to be the owner, the finding should be for defendant for such property."

2nd. "The court instructs the jury that if they believe from the evidence that plaintiff, Mrs. Schooler, was, at the bringing of this suit, the owner of the property sued for, or any part thereof, and that defendant had the same in his possession or control, they will find for the plaintiff for the recovery of said property, and also assess the value of such property as you may find to belong to plaintiff in your verdict."

3rd. "That if plaintiff, Isaac Schooler, bought the stove as a present to his wife, then such purchase,

though made with his means or means borrowed from defendant, would vest the title to the stove in his wife, and he could not afterwards sell the same so as to defeat the wife's title, except by a written authority so to do from her."

The court of its own motion gave the following instruction:

1st. "The court instructs the jury that if they find from the testimony that plaintiff, Isaac N. Schooler, purchased the stove and cow in controversy, and retained possession of the same and exercised acts of ownership over the same, and while in possession of the same sold the same to defendant, and the defendant purchased the same in good faith, for a valuable consideration, the jury will find for the defendant as to such property, notwithstanding such property may have been given to the plaintiff, Marilla Schooler, by her husband, if at the time of said purchase defendant did not know that same had been given to his wife, and purchased same in good faith, believing I. N. Schooler to be the owner."

The defendant asked and the court refused the following instructions:

1st. "The court instructs the jury that if they find from the testimony that the plaintiff, Isaac Schooler, purchased the stove and cow in controversy, and retained possession of the same, and exercised acts of ownership over the same, and while in possession thereof sold the same to defendant, and the defendant purchased the same in good faith, paying full value therefor, the jury will find for the defendant as to such property, notwithstanding the property may have been given to the plaintiff, Marilla Schooler, by her husband."

2nd. "That if the jury find from the testimony that the plaintiff, Isaac Schooler, brought the property in controversy to the house of defendant, in defendant's absence, and left the same there with a request that it be kept until plaintiff called for the same, and that no demand was made for the same, and that defendant made no claim to the property, the jury will find for the defendant as to such property."

The jury found the issues for the plaintiff, and the court rendered judgment accordingly. From which the defendant has duly prosecuted this appeal.

PHELPS & BROWN, for the appellant.

I. The court erred in refusing to dismiss on application of plaintiff, I. N. Schooler. It was no answer to say he had abandoned his wife, for this did not deprive him of his right to dismiss this suit.

II. The court erred in giving plaintiff's instructions. To constitute a *valid gift, actual delivery* is indispensable to divert the possession from the donor. *Mahan v. U. S.*, 14 Wall. 143 ; Benjamin on Sales, Vol. p. 3, note 5.

III. No gifts *inter vivos* will confer title unless there be a positive change of possession. *Reeves v. Capper*, 5 Bing. (N. H.) 136 ; *Peeler v. Guilkey*, 27 Texas 356. A gift cannot be established by showing a joint possession of donor and donee. *Young v. Young*, 80 N. Y. 422, and cases cited.

IV. The court erred in refusing instructions asked by defendant and in that given of its own motion. The property had never been *demanded* of defendant, and until then replevin was not maintainable. *Talcott v. Belding*, 46 How. (N. Y.) 419 ; *Gilchrist v. Moon*, 7 Iowa 9 ; *Ingalls v. Bulkley*, 13 Ill. 315.

V. The court gave erroneous and contradictory instructions *tending to mislead the jury*. *Goetz v. R. R.*, 50 Mo. 472 ; *Shed v. Augustine*, 14 Kansas 282 ; *State v. Nauert*, 2 Mo. App. 289.

A. L. THOMAS for the respondent.

I. The court committed no error in refusing to allow plaintiff, I. N. Schooler, to dismiss the suit. Having abandoned his wife and left the state, his wife could proceed alone. *Phelps v. Waters*, 78 Mo. 320.

II. The instructions given for plaintiff and on the court's own motion are more favorable to the defendant than the law. A delivery and change of possession is

not requisite to a valid gift from husband to wife. *Davis v. Zimmerman,* 40 Mich. 24.

III. The instructions asked by defendant were properly refused. No demand of the property was necessary ; if defendant desired to take advantage of a failure to demand, he should have tendered the property to plaintiff and the damages. Sect. 1018, Rev. Stat. Mo. 1879. Bringing of suit was a sufficient demand. The property was not in defendant's possession under any contract with plaintiff, nor with her assent. *Irwin v. Wells,* 1 Mo. 9 ; *Primm v. Cobb,* 63 Maine 200.

IV. If the stove was bought by the husband as a *present* to his wife, it was bought for her, and the title vested in her, and never was in the husband. *Wheeler v. Wheeler,* 43 Conn. 503.

Opinion by PHILIPS, P. J.

1. The action of the court in refusing to dismiss the suit at the instance of I. N. Schooler, is assigned for error. It would be sufficient to say in respect to this contention, that, even if the court erred in this matter, no one but the plaintiff, I. N. Schooler, could take advantage of it. He has not appealed from this judgment, nor is he making any complaint here of this action of the trial court. And had the court permitted him to withdraw, it would not have worked a discontinuance of the suit, because the plaintiff had abandoned his wife, abjured the state, and was living in concealment. *Phelps v. Walters,* 78 Mo. 320.

2. The appellant assails the whole case of the plaintiff, both on the proof and the instructions, because there was not sufficient evidence of a delivery by the husband to the wife to constitute a valid gift of personal property.

There is no question of the general doctrine that delivery of the property is essential to constitute a valid gift of personalty, *inter vivos* and *causa mortis.* It is also equally well settled that a husband may make a gift of personal property to his wife without the intervention of a trustee, and that the court of law will now,

as well as the courts of equity, recognize and enforce the rights of the wife in respect thereof. *McCoy v. Hyatt*, 80 Mo. 130–135.

In respect of the cow and calf, we think the evidence of the plaintiff was sufficient, as admitted in proof, to establish a. valid gift by the husband to the wife. He drove her up and presented her by words, and turned her over to plaintiff, who afterwards fed and milked her. This was as much an act of delivery as the situation of the parties and the property would admit of. The fact that the property in controversy remained on the place where the husband and wife lived ought not to destroy the gift. The matter of change of possession is often necessarily a relative question. Regard must be had to the relation of the donor and the donee, and the situation of the property. It would be unreasonable, as it might be utterly impracticable, for the wife, receiving such gifts from the husband, to take it away and keep it at other place than the common home.

Ch. J. Cooley, in *Davis v. Zimmerman*, 40 Mich. 24, speaking to a state of facts quite similar to these at bar, said : "The question of change of possession must be considered in connection with the other facts in the case. It is no doubt true that in respect to the property in general there was no open and visible change of possession. But how could there have been ? The donor and donee were living together as husband and wife, at a public hotel. Must she separate from him in order to be competent to receive from him a gift ? If he gives her a picture or an article of furniture, must she procure it to be kept by some one else instead of placing it in her own apartments ? * * * No •doubt the circumstances of the relation, and the facility with which frauds may be accomplished under the pretense of sales or gifts between husband and wife ought to be carefully weighed, in determining whether or not a gift has been made, but when all are considered, the one question, and the only question is, whether the wife has established her right by a fair preponderance of evidence ; if she has, no court has any right to require more."

As to the stove and household furniture, consisting of some bedding and beds, and a lamp, the wife's testimony was that her husband purchased and presented them to her at the time of their marriage. In such case the husband, in contemplation of law, never had the possession of these articles; but both the title and possession passed to her at the time of the purchase. In such case no delivery, symbolical or actual, is necessary. *Wheeler v. Wheeler*, 43 Conn. 505.

3. The first instruction is assailed especially because of its direction to the jury as to what would constitute a gift from husband to wife. It may be conceded that it is faulty in declaring that mere words, indicating a present gift, would pass the title. But the instructions must all be taken together, as well as all the evidence, and if in view of all, the verdict was for the right party it should not be disturbed, notwithstanding the faulty declaration in one instruction.

We have held at this term, in *Moberly v. R. R. Co.*, that where a party in his instruction so limits his ground of recovery to a specified act of negligence, which was not sustained by the proof, his verdict ought not to stand merely because there was other evidence of other similar negligent act on which he might have predicated a recovery, for the reason that it would be dangerous to affirm a judgment "which might have been based on a ground *not justified by the evidence.*"

But the case at bar is clearly distinguishable. There was evidence here of a parol gift—words indicating both a present purpose to transfer the possession, and the act itself. That was an element of proof in establishing the gift. There was also evidence of acts a part of the *res gestæ*, showing a delivery, bearing on the very grounds of delivery to which the words were directed. And further, the second instruction authorized the jury to find for the plaintiff if she was the owner of the property. In *Bowman v. Van Kuren*, 29 Wis. 210, the jury were instructed that they might find for the defendant if they found certain facts, but the instruction omitted one fact which was essential to the defence. It was held not to

be reversible error, if that was fact in proof, and there was no conflict of evidence in regard to it. The other essential fact of delivery was in evidence in the case at bar, and there is no evidence in this record contradicting the statement of plaintiff in respect thereto. In the same spirit of the code of practice is the case of *Nofsinger v. Bailey*, 72 Mo. 216–219, where it is held that a judgment will not be disturbed because an instruction authorized a verdict based upon insufficient evidence, where another instruction submitted to the jury an issue upon which the verdict might rest. As there was uncontradicted evidence of further acts of delivery, completing the proof, by the same witness, too, who deposed to the words evidencing the purpose to give, it is inconceivable that the jury who found for plaintiff by crediting her statement as to the words, would have found differently had the court included the facts of the husband turning the cow and calf over to the wife, and her milking, feeding and taking care of them thereafter.

4. We do not think the defendant should complain of the instruction given by the court of its own motion. It was certainly favorable enough as to the rights of an innocent purchaser. If the stove, etc., were purchased by the husband for the wife, as testified to by her, the instruction was erroneous as to her, according to the authority above cited from Connecticut. Special criticism is made by appellant on this instruction because it speaks of selling the cow to the defendant, whereas the defendant's evidence was that his wife bought the cow from the husband of plaintiff.

We might with propriety apply to defendant the maxim: common error makes right. For in the first instruction asked by him he recognized the fact that the cow was sold to him as well as the stove. But more, the defendant's testimony touching the purchase of the cow was, that his wife bought her. At common law such purchase by the wife would have inured to the benefit of the husband. Her acquisitions were his. The act known as the married woman's act of 1875 (Rev. Stat., sect. 3296), does not give the wife a separate estate in

personal property coming by purchase unless purchased "with her separate money or means." *McCoy v. Hyatt*, 80 Mo., *supra*. There is not one word of evidence in this record indicating that defendant's wife paid for this cow with her separate money or means. The instruction therefore properly declared the law as applied to the fact. *Sloan v. Terry*, 78 Mo. 623.

5. Defendant complains of the refusal of the court to give the second instruction asked by him touching the necessity of a demand. It is a little remarkable, in view of defendant's testimony, supplemented by all the Schoolers, of lesser degree, that the paternal and the maternal Schooler had purchased outright the cow and calf, and stove, and were claiming the right to hold them as innocent purchasers, for value, that defendant should ask an instruction predicated on the theory that he was a mere bailee—a naked depositary or mandatary of the property. Even as such bailee, at common law, the property not having come to his possession under any contract, express or implied, with the plaintiff, he was not entitled to a demand before action could be maintained. *Irwin v. Wells*, 1 Mo. 9 ; *Primm v. Cobb*, 63 Me. 200. Nor should he be heard to plead the want of demand when throughout the trial he contested plaintiff's ownership of the property and asserted superior right in himself. "When he desires to rely on a want of demand, he should show a willingness to deliver the goods upon a proper one, and that one had been made." Wells on Replev., sect. 374. Under our statute (Rev. Stat., sect. 1018), this claim is not allowable, for the defendant has neither pleaded it, nor offered to return the property.

6. For the first time on the oral argument of this case in this court, defendant raises the question that so much of the testimony of the plaintiff, as relates to statements made to her by her husband about giving her the cow, etc., was incompetent. This evidence was admitted at the trial without objection. No such question is presented to this court for review in the brief of counsel filed in this court prior to its submission. This

question, therefore, is not before this court for determination. See rule 17 of this court.

As tried by the defendant he lost his case before the jury. That the jury should have credited the evidence of the plaintiff is not strange. It was human. Deserted in the sore hour of her confinement by an unfeeling husband, the other Schoolers seem to have conspired to complete her misery by clutching at the little that was left of her humble home—the stove over which she had bent and cooked her frugal meals ; the bed and bedding on which she slept as young wife—the very lamp that lighted her home by night, and the cow she fed, cared for and milked to supply their table. And as the crowning act of this unseemly contention, made with her by the fugitive husband's family, he was induced to come from his hiding place long enough to appear "in writing" at this trial and seek to turn her from the courts of justice by attempting to dismiss her suit. We shall not disturb the verdict of the jury, nor the judgment of the trial court. Judgment affirmed. All concur.