J. U. FAIR, Appellant, v. ROBERT A. WYNNE, Defendant, VIRGIL WYNNE, Interpleader, Respondent.

Kansas City Court of Appeals, May 1, 1911.

GIFT: Possession: Members of Family. In order to make a valid gift, there must be a change of possession. But possession is a relative term and the character of possession is governed by circumstances, and where a father makes a gift of live stock to his minor son, living with him as a member of the family on the farm, it cannot be expected that the son should take property from the farm in order to render the gift valid.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*A. G. Knight, Dudley & Selby* and *O. N. Gibson* for appellant.

*S. W. Brandom* and *J. C. Wilson* for respondent.

ELLISON, J.—Plaintiff brought an action by attachment and the sheriff levied upon a lot of personal property consisting partly of live stock. The interpleader claimed several head of horses and some of the other property and filed an interplea therefor. Plaintiff disputed his claim and a trial resulted in favor of the interpleader.

Interpleader is the son of the defendant and his claim is based on a gift from his father and the principal contention between the parties is whether there was a sufficient change of possession and dominion over the property to make a legal gift. We have gone over the entire evidence as set out in the record and after considering it in connection with the oral argument of the respective counsel, have concluded that it amply justifies the verdict and judgment rendered in the trial court.

Interpleader was a minor at the times of the gifts made to him, and resided with his father on a farm as a member of his family, and it seems to us that the whole of plaintiff's claim of insufficiency of change of possession and dominion over the property is based on his failure to consider that fact. The sufficiency of possession necessarily depends on the circumstances surrounding the parties and the necessity of the situation. To make a valid levy on personalty, an officer must seize the property, yet it would not be supposed that it was necessary or possible for him to take all kinds of personalty into bodily possession. It suffices if he post notice on the property or do something to indicate his intention. So it being recognized as valid for a husband or father to make a gift to his wife or minor son, it should not be expected that the subject of the gift should be taken from the premises. As asked by Judge COOLEY in Davis

v. Zimmerman, 40 Mich. 24, must the wife separate from the husband in order to be competent to accept a gift from him? So we can appropriately ask here, what was expected of the interpleader as a minor in the family, more than the evidence shows. Neighbors and friends knew of the property as his, and he exercised that control over and gave that especial attention and care to the property, that would be expected of a boy living on the farm. We think the case falls directly within the authority of Schooler v. Schooler, 18 Mo. App. 69.

We are fully aware of the opportunity for fraud in cases of sales or gifts between members of the same family; but a jury must pass on such question as in any other case, and, as already stated, we have found abundant evidence to sustain the verdict in this instance.

It is urged here that declarations of defendant, the father, were allowed to be shown in evidence as to the title to the property, and that the judgment for that reason should be reversed. We do not think that could possibly have affected the result. The father and son were both witnesses, and both testified to the property belonging to the son. No question can be made about their position in the matter. The evidence, in fact, was brought out more in the inquiry as to third parties knowing to whom the property belonged by having heard it spoken of. At any rate it is manifest that in the circumstances developed by the whole evidence, no harm was done, and we are not at all disposed to reverse the judgment on that account.

No complaint is made, in the brief of points and authorities, as to instructions, and, though complained of at other places, we think as a whole they are unobjectionable.

There was no error committed materially affecting the merits of the action, and it is our duty under the statute to affirm the judgment. It is so ordered. All concur.