Hillsborough,
May 7, 1935.

## Nellie Reynolds

*v.*

## James H. Kenney, *Adm'r & a.*

314

*James A. Broderick* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wyman* orally), for the defendants.

PAGE, J. The administrator not having elected to testify, the plaintiff's testimony was not admissible. P. L., *c.* 336, *s.* 27. Surviving parties are competent as witnesses when the estate of the decedent has no interest in the subject-matter, as where the decedent's title to real estate is in question. *Crowley* v. *Crowley*, 72 N. H. 241; *Eagan* v. *Kenney*, 75 N. H. 410. In such cases, provided the real estate is not required to pay obligations of the estate, the devisees or heirs-at-law are the successors in title of the deceased as effectually as if they claimed under his deed. *Muir* v. *Bartlett*, 78 N. H. 313. But in a case involving the decedent's title to personal property as of the moment before his death, the situation is otherwise. The executor or administrator succeeds to whatever title the decedent had, and is not divested of it by the fact (as in the instant case) that the personalty is not required to pay obligations of the deceased. Without regard to the solvency of the estate, the administrator is the holder of the title and defends in the right of the deceased.

The testimony of the plaintiff was properly disregarded, and the only question is whether the remaining evidence incorporated in the findings sustains the decree as a matter of law. The finding is in

effect that the plaintiff owned all of the five bonds because the decedent admitted that she did and marked them as her property. The court ruled that it was not necessary for the plaintiff to show how she acquired title. This ruling was erroneous.

The situation is not so simple as the one where nothing appears except the fact of possession and the admission by the possessor that he is bailee for somebody else. In his opening statement, the counsel for the plaintiff relied on a gift to her by the deceased of three of the bonds in the latter's possession when he died. The plaintiff offered herself as a witness to the fact, and, although her evidence was later rejected, actually testified that the deceased delivered them to her by way of gift. She thus presented her case on the theory that her only source of title as to the three bonds was by gift from one whose prior title was admitted and whose possession at the time of his decease was also admitted.

The admission by a bailee who never had title (*Bradley* v. *Spofford,* 23 N. H. 444) differs from one by a person in continued possession who is admitted by the claimant to be the source of her title. Putting her own admission against that of the deceased, the plaintiff left herself with the burden of explaining the situation and of showing that she acquired title as she said she did. She could not get title by gift unless there was an actual and unconditional delivery to her. *Burns* v. *Nolette,* 83 N. H. 489, 492; *Bean* v. *Bean,* 71 N. H. 538, 543. If she could establish the gift by proving the delivery, subsequent possession by the donor, coupled with his declaration that he held such possession as her bailee, would bring her case within the rule of *Bradley* v. *Spofford, supra.* So the question is presented whether his declaration "I gave" states the fact of delivery necessary to establish a gift and to support a finding in favor of the plaintiff.

There are comparatively few cases where a thorough attempt has been made to analyze a declaration such as we have here. In *Davis* v. *Zimmerman,* 40 Mich. 24, the declaration was "He gave me the horse." The horse was in the control of the declarant, who was the wife of the donor and living with him. It was objected that the declaration was only a conclusion of law, and that it did not appear that exclusive possession had passed to the donee or that there was any change of possession whatsoever. *Cooley,* J., however, thought that the declaration could not be "treated as a conclusion merely; it avers the act of giving, and would justify a finding that a gift took place, if nothing was drawn out on further examination to qualify it." Without referring to this opinion, a later case, *Campbell* v. *Sech,*

155 Mich. 634, states flatly that "Evidence of declarations and admissions of the donor are not sufficient to establish a gift. They are only admissible as corroborative of other testimony." While the earlier case is not clearly overruled, the Michigan rule is left in some doubt.

The reasoning of *Davis* v. *Zimmerman* has its parallel in a few other cases, notably *Gross* v. *Smith*, 132 N. C. 604. In *Sprouse* v. *Littlejohn*, 22 S. C. 358, it is said that such a declaration "may sometimes be intended to include the delivery," but "we think it ought to be left to the jury to say whether the gift has been proved, including the delivery, and it ought not to be laid down as a rule of law to govern the jury, that such declarations in themselves are insufficient to prove the gift."

To say that a declaration, she has some bonds "which I gave her," unsupported by any other evidence of a delivery, includes the statement "I delivered them to her as a gift," seems to us to assume a declaration of the fact of delivery which is not in evidence. The declarant may have been wholly ignorant of the law that no gift is valid without delivery, and the trier of fact is left to mere conjecture that the declaration involved anything more than a mistaken belief that a valid gift had been made. Until the declaration may be seen to include a statement of delivery as a matter of fact, it is not evidence of a delivery.

*Chambers* v. *McCreery*, 106 Fed. Rep. 364 was a case where certain bonds in the safety deposit box of a decedent at the time of the decease were claimed by his wife to have been given to her. The court said: "On that point [delivery] the evidence should be clear and positive, and in the absence of proof of absolute possession . . . by the donee, free from the control of the donor, the mere declarations of the latter will not be sufficient to establish delivery."

"To a mind unacquainted with the technical rule that in law an actual or symbolical tradition of the chattel is necessary to transfer the title, such an act [tradition or delivery] would ordinarily not appear important. A statement, therefore, that a gift had been made would not, I think, of itself, import a compliance with all the technical requirements of a legal gift." *Smith* v. *Burnet*, 35 N. J. Eq. 314.

"It seems to us that the declarations of the alleged donor, that not only had he given the note, but had actually delivered it, would be evidence to be considered upon the issue of fact as to whether or not the note had been actually delivered, but the testimony does

not bring the case within that rule. We have present declarations by the alleged donor only that he had given the note to Mrs. Rimmer, and, unless it can be inferred from that statement that actual delivery had been made, there is no competent proof of its delivery to her. ... We believe the better rule, the one sustained by reasons of public policy and the greater weight of the authorities is that the fact of delivery must be shown by other evidence than the mere declaration of the donor, when the declaration can go no further than to express a gift, and it does not either distinctly state a delivery or facts from which actual delivery may be inferred." *Atchley* v. *Rimmer*, 148 Tenn. 303, 320, 323.

The declarations in the case at bar do not include any statement of actual delivery, as in *Kenistons* v. *Sceva*, 54 N. H. 24. There was no competent evidence, without the declarations, that the plaintiff was ever in possession of the subjects of the gift. The circumstances of the relationship of the parties afford, of themselves, no evidence of a delivery by way of gift. The trend of recent authority favors the view that mere declarations of a gift, in the absence of any other evidence of a delivery, are not sufficient evidence of that necessary fact. L. R. A. 1916 E. 288, *note*. In the absence of any competent evidence of such a delivery, the plaintiff could not be found to have title to two of the Amoskeag bonds or to the Texas-Louisiana bond.

Two of the Amoskeag bonds may possibly stand differently. If the money of the plaintiff in fact paid for them, there would be a resulting trust unless a contrary intention appeared. On that issue the declaration of the decedent would be competent. Since no finding was made on that issue, there can be no final order as to those two bonds.

*Judgment for the defendant administrator as to the Texas-Louisiana bond and two Amoskeag bonds: new trial as to the other two bonds.*

BRANCH, J., did not sit: the others concurred.