KREMER *v.* METTE.

TRUSTS—DECLARATION—PROPERTY CHARGEABLE.

> A letter written by defendant to complainant stating that "$2,000 have fallen to you when you attain the age of thirty years," that in the interim complainant is to draw interest, that complainant's uncle, defendant's brother, and defendant worked together, and to avoid legal proceedings he had sold everything to defendant and assigned to him the outstanding moneys, "and all these moneys he has charged me to pay you with," evinces an intent to charge the personal property assigned to defendant by his deceased brother and constitutes a sufficient declaration of trust for that purpose, but does not evidence an intent to declare a trust in real estate.

Cross-appeals from Wayne; Hosmer, J. Submitted April 3, 1907. (Docket No. 3.) Decided May 18, 1907.

Bill by Joseph Kremer against John Mette and Elizabeth Mette to compel the payment of a trust. From the decree rendered, both parties appeal. Affirmed.

*William E. Henze,* for complainant.

*William Look* (*Thomas A. E. Weadock,* of counsel), for defendants.

BLAIR, J. Complainant filed a bill to recover from defendants the sum of $2,000 and interest from January 1, 1899, alleging that this money is due to him by reason of a conveyance from one Frank Mette, complainant's uncle, of all his real and personal estate to defendant John Mette, his brother, upon condition and with the understanding that said defendant John Mette pay to complainant the sum of $2,000 when complainant had attained the age of 30 years, and until then pay him interest thereon at bank rates. In October, 1891, Frank Mette deeded to defendant John Mette all his real estate, and transferred to him

all of his personal estate. Afterwards, and in March, 1892, Frank Mette died, leaving no issue. Complainant is the son of Theresa Kremer, a sister of Frank and John Mette. The real estate conveyed by Frank to John was worth about $15,000, and the personal property was of the value of several thousand dollars. In 1904, the defendant John Mette deeded the real estate to his son, Frank W. Mette, who, on the same day, deeded the property to the defendant Elizabeth Mette, wife of said John Mette, for a consideration of $1. The complainant became 30 years of age on April 29, 1899, and filed the present bill of complaint in August, 1904.

The principal issue of fact in the case related to the signatures to certain letters written by the defendant John Mette or members of his family to the complainant, who resided in Germany. The first of these letters, dated January 25, 1894, purports to be signed by the defendant John Mette, and contains, among other things, the following:

" Dear Joseph, you may rest quiet. $2,000 have fallen to you when you attain the age of thirty years. During this period you draw bank interest. So far they are 4 per cent.

" Before I proceed further, I explain to you the whole business or history. Uncle and I worked together and to avoid that our life's savings should become food for lawyers he sold everything to me, and the outstanding moneys were assigned to me and some of these are very hard to get. By reason of which, you, my dear nephew, must bear a portion. How much, I cannot yet tell, for loaning money on notes and without anything else was to a great part uncle's doings. And all these moneys he has charged me to pay you (plural) with. Through notes and cash book I am able to prove everything and what may be lost of these moneys you will have to bear your portion, for I cannot see that I should be pricked by the thorns and another plucks the roses. * * * If in the month of March interest for two years, say $160.00, will be of service in the purchase of the land you may look for the same. Four per cent. in a bank would be more preferable to me

than to own real estate at Esenberg. I could deposit the interest here and send you the bank book.

"Forgotten above—For to do what uncle wanted me to do no security was asked nor given. Also, dear Joseph, I would not speak of withholding, no thought for such lies in my heart.

"I knew that you were serving in the army and frequently have thought of you, but I had no address, otherwise I would have sent you something. It will, however, be of good to you.

"Brother Clemens and August have their. My family is in good health. I have no special news."

The second letter, dated March 14, 1894, and purporting to have been signed by the defendant John Mette, contained a postal money order for $160, "deducting 1 per cent. leaving $158.40. One dollar is equal to 4 marks and 12 pfennig. It amounts to 653 marks and 18 pfennig." The next letter, dated March 27, 1895, purports to be signed, "Your cousin, F. W. Mette," and contained, among other things, the following:

"Today father has sent you by mail the sum of $72.82. This sum in Germany amounts to 300 marks and 19 pfennig and represents the interest for the past year. * * * As it now appears, a certain portion must be deducted from every one on account of losses. It may be much or little. As soon as the money comes in, it will be disposed of properly and I hope that this may be soon."

The last letter, dated April 15, 1898, was conceded to have been written and signed by the defendant John Mette, and was as follows:

"My ill health is chiefly to blame for the delay in this remittance. Of late I have been suffering with rheumatism. You will be wonder why this remittance is not so large as the preceding one. The reason is that the bank interest has been reduced to 3 per cent., so this amount is $54.60, in letters fifty-four dollars and sixty cents. My brothers Clemens and August are well, as is also my family. The best regards to you all, and especially to Fellbecke."

March 19, 1899, complainant's father wrote to defend-

ant John Mette, notifying him that complainant would be 30 years of age in April, and advising how his "inheritance should be sent." April 19th, defendant's attorney answered this letter:

"That Frank, deceased, absolutely left no property or estate but did during his lifetime, in Oct. 1891 (about five months before his death) convey and transfer to his brother John Mette all of his property. Should you wish further information concerning same, I recommend that you apply to the probate court at Detroit."

The defendant John Mette denied writing or signing the first letter, and his daughter supported him in this denial.

The circuit judge, having heard the proofs, found that the property was received by John Mette upon a trust which attached to the personal estate, but did not attach to the real estate conveyed to him; ordered that the bill be dismissed as against the defendant Elizabeth Mette without prejudice to the rights of the complainant against the conveyance to Elizabeth Mette, to be determined, if necessary, by a bill attacking such conveyance as in fraud of complainant's rights as a creditor; decreed that said defendant John Mette—

"Pay or cause to be paid to complainant or his solicitor the said sum of $2,000, and interest thereon, the same amounting at the date hereof to the sum of $2,731.10, and that execution issue for said amount and the costs of this court be taxed against the said defendant John Mette."

Both parties appeal.

The testimony of defendant and his daughter is so inconsistent and so inherently improbable that we think it should not be given much weight. We are satisfied, from a consideration of the proofs in this case and a comparison of the signatures to the original letters, that the letter first above quoted was signed by the defendant John Mette, as well as the last letter, and that the other letters were written at his direction and request, and were in effect his own letters. The letters do not identify any particular real

estate, nor evidence an intent to declare a trust in real estate. On the contrary, the statement, "and all these moneys he has charged me to pay you with," evinces an intent to charge the personal property and constitute a sufficient declaration of trust for that purpose. We are also satisfied that the rights of complainant were well understood by the members of defendant's family, and that the defendant Elizabeth Mette took her deed with notice of the trust.

The decree is affirmed, but without costs in this court to either party.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.