## METTE v. METTE.

1. FRAUDULENT CONVEYANCES—BILL TO SET ASIDE—CONVEYANCE BY INTESTATE—TIME TO SUE.

A bill by a creditor to set aside as fraudulent a conveyance made by an intestate will not be held to have been prematurely filed on the ground that the administrator was not given a reasonable time to decide whether he would bring the suit as requested by the creditor, where it is nowhere suggested that he intended to bring the suit, and the subsequent proceedings clearly show he intended not to.

2. SAME—HOMESTEADS—APPEAL—THEORY BELOW.

An objection first raised in this court to a decree setting aside a fraudulent conveyance, on the ground that intestate had a right to convey his homestead to his daughter, will not avail, where it appears from the testimony respecting the value of the property that there is ample to satisfy complainant's demand and still preserve any homestead right that may exist.

Appeal from Wayne; Donovan, J. Submitted October 12, 1908. (Docket No. 29.) Decided November 30, 1908.

Bill by Frederick W. Mette, administrator of the estate of John Mette, deceased, against Elizabeth Mette to set aside a deed. From a decree for complainant, defendant appeals. Affirmed.

*William E. Henze*, for complainant.

*William Look*, for defendant.

MOORE, J. The bill of complaint in this case, though filed in the name of the administrator of John Mette, deceased, is in fact filed in the interest of Joseph Kremer. It is a continuation of the litigation in the case of *Kremer v. Mette*, 148 Mich. 376. A reference to the opinion in that case will aid in the understanding of this case. After the decree was handed down by this court in that case, this bill was filed for the purpose of having the con-

veyance to Elizabeth Mette, mentioned in the opinion, set aside as in fraud of Mr. Kremer's right as a creditor. The bill avers, among other things, the various conveyances referred to in the *Kremer Case*, and also that on the 24th day of May, 1899, said John Mette executed a warranty deed of all of said above-described real estate to one Joseph Culnan, a clerk in the office of William Look, attorney for said John Mette, and said Joseph Culnan on the same day executed a warranty deed of said same premises to said John Mette and defendant Elizabeth Mette, his wife, and that the consideration in each of said deeds was stated to be $1, and that said deeds were not recorded in the office of the register of deeds for Wayne county. It avers that all the conveyances mentioned in the bill of complaint were made with intent to defraud the creditors of John Mette, and particularly to defraud Joseph Kremer. The bill also sets out the decree of the circuit court, and its affirmance in this court in the case before referred to. It also avers that John Mette left an estate of personal property of the value of $300, that request was made by Joseph Kremer of the administrator to commence an action in chancery for the recovery of the real estate conveyed by John Mette to Elizabeth Mette for the benefit of Joseph Kremer and other creditors of the deceased, and the giving of security for the costs. It avers the refusal to bring said suit. The bill prays that the conveyances above referred to may be set aside and declared null and void as against the claim of said Joseph Kremer and other creditors of said deceased, and that said premises, or so much thereof as may be necessary to pay the debts of said deceased, may be ordered sold by the administrator of said estate in the manner provided by law, and the proceeds applied to the payments of the debts of said deceased. The defendant interposed a plea which was overruled. She then answered. The case was put at issue. The case was tried in open court. Complainant introduced testimony tending to sustain the

allegations of the bill. No testimony was put in upon the part of defendant. A decree was prepared.

The solicitor for the defendant interposed the following objections:

"*Mr. Look:* I want to enter the following exceptions to the proposed decree.

"(1) Because the court is without jurisdiction and legal authority to make any decree in said cause, under the pleadings and proof, excepting one dismissing the bill of complaint.

"(2) Because the court is without jurisdiction and legal authority to make the decree as proposed by the complainant.

"(3) Because the court is without jurisdiction to decree a sale of the premises mentioned in said bill of complaint, as contemplated and provided for in the proposed decree.

"(4) Because the court is without jurisdiction to decree a sale of said premises at the time, and in the manner proposed by said decree.

"(5) Because the proposed decree does not comply with the provisions of Act No. 326 of the Public Acts of Michigan for the year 1905."

The decree was signed and an appeal was taken. We have not set out the contents of the plea or of the answer for the reason that the exceptions raise all the important questions.

It is claimed that the bill of complaint is prematurely filed, for the reason that the administrator was not given a reasonable time in which to decide whether he would bring the suit as requested by Mr. Kremer. It is nowhere suggested that he had intended to bring the proceeding in chancery, or that he was willing to do so. Indeed, the subsequent proceedings show very clearly that he had no intention of doing so, for reasons which are obvious. On the trial the solicitor for the complainant testified, among other things:

"On August 15, 1907, last year, before bringing this suit, I made a demand in writing upon Frederick Mette as administrator of the estate to bring this suit, and I offered him, or handed him, a written bond for

costs, approved by the judge of probate, which is now in his possession, and asked him to bring suit, and his answer was that he could not say 'Yes' or 'No,' but would let me know during the afternoon. I told him I would take his answer as 'No,' unless I heard to the contrary, and I waited until the next day, and did not hear from him, and started this suit."

As before stated, defendant put in no testimony. It is now objected that John Mette had a right to deed his homestead to his daughter, and that to do so would not be a fraud upon his creditors, and that the decree makes no reference to a homestead. We cannot resist the impression that this claim is an afterthought, for the attention of the court was not in terms called to it, either in the plea, the answer, or the objections to the decree itself. The testimony of Mr. Look was, in part, as follows:

"I know the value of the greater part of the property named in these deeds. The outlying property down in Fort tract I do not know, but I know the property on Monroe avenue, the homestead, lots 28 and 29 on St. Aubin avenue. The St. Aubin property is worth at least $6,000. I would not say the Monroe avenue property was worth more than $1,200, old buildings. And the rest of the property is worth approximately $2,500."

This is the only reference to the homestead we have been able to find in the record. From Mr. Look's statement as to the value of the property, it is evident there will be no trouble about taking care of the decree in favor of Mr. Kremer, and at the same time preserve any homestead right which may exist.

The decree is affirmed, with costs.

Grant, C. J., and Blair, Hooker, and McAlvay, JJ., concurred.