LERCHE v. KISHPAUGH.

1. GIFTS—EVIDENCE—TRUSTS—DELIVERY.

Testimony of a third person that decedent entered the house of his sister, who was then dying, and took a package containing money, saying, in her presence, that they were valuables, and that, at the time, the witness supposed the brother was speaking to him, was insufficient to show a delivery or establish a gift in trust for the benefit of certain persons mentioned in oral instructions of the sister, as alleged by the donee.

2. SAME—TRUSTS—ADMISSIONS.

Evidence of declarations and admissions of a donor are insufficient to establish a gift, and are only competent to corroborate other evidence.

3. SAME—EQUITY—EVIDENCE.

A letter written by decedent, admitting that his sister, deceased, had given him a certain sum in trust for his brother's wife, to whom he was instructed to pay interest until the lapse of 24 years, and thereafter to divide it between the minor children of his brother, while possibly binding on the writer, was not such a declaration of trust as to bind the estate of the deceased sister.

4. SAME.

And the fact that the deceased deposited the money in banks in his name and that of his deceased sister, jointly,

tended to disprove his contention that there was an absolute transfer in trust, and was in recognition of the rights of the decedent.

Appeal from Tuscola; Beach, J. Submitted April 30, 1914. (Docket No. 156.) Decided June 1, 1914.

Bill by Pearl E. Lerche and others, by next friend, against Fred Kishpaugh, administrator of the estate of Charlotte M. L. Still, deceased, and another, for the enforcement of an alleged trust. From a decree for complainants, defendant Kishpaugh appeals. Reversed.

*Black & Roberts,* for complainants.

*Terry & Parsons,* for defendant Kishpaugh.

Kuhn, J. The bill of complaint in this cause was filed to establish and enforce a trust in favor of the minor children of the complainant and of Lillie Lerche, his wife. Charlotte M. L. Still, who lived in the village of Gaines, Genesee county, Mich., died intestate on September 11, 1912, and left surviving her a daughter, Rose Kishpaugh, and two brothers, Gustave and Henry Lerche. Gustave Lerche died on November 3, 1912. The claims of the parties are concisely stated by counsel for appellant, as follows:

"It is the claim of complainant in the original bill that said sum of $3,000 was delivered by Charlotte M. L. Still, who is conceded to have been the owner of said money, during her lifetime, to her brother Gustave E. Lerche, with oral instructions to hold said sum and pay the interest therefrom to Lillie Lerche, wife of complainant, for a period of 24 years, at the end of which period, he was to divide said money equally between the children of said complainant. It is the contention of defendant Kishpaugh, administrator of the estate of said Charlotte M. L. Still, that said money was never delivered by said Charlotte M. L. Still to said Gustave E. Lerche; that there is no evidence in the record showing any knowledge on her part that

said money was being taken, or was to be, or had been taken by said Lerche, and that there is no evidence showing that she ever instructed or directed said Lerche to take said money for the purposes of the alleged trust or any other purpose; and finally, that the alleged trust, resting entirely in parol, is void under the statute of frauds."

The administrator of the estate of Gustave E. Lerche in his answer makes no claim to said money as a part of the assets of the estate, and was subsequently ordered by the decree of the court to pay the money to the register of the court.

The only question, therefore, in the case is whether the money in question belongs to the complainant as next friend of his minor children and to Lillie Lerche, or to the estate of Charlotte M. L. Still. The learned chancellor who heard the case sustained the contention of the complainant, and from a decree in his favor the defendant Kishpaugh, administrator of the estate of Charlotte M. L. Still, has appealed.

The only person who testified as to the taking of the money by Gustave E. Lerche was George W. Chase, whose testimony is as follows:

"*Q.* During the time you were there, did she say anything to you in regard to not wanting her daughter, Mrs. Kishpaugh, to have her property?

"*Mr. Terry:* I object to that as incompetent and immaterial.

"*The Court:* Taken subject to the objection.

"*A.* Yes, I have heard her say that she didn't want the daughter to have the property. She said if the papers were drawn she wouldn't allow her one dollar.

"*Q.* Did she want you at any time to get anybody to draw papers, make her will?

"*A.* She requested me one morning to get a person —to get McCann, she said.

"*Q.* You didn't get him at that time?

"*A.* No.

"*Q.* How long was that before her death?

"*A.* About a week; I suppose, a little better than a week.

"*Q.* Had she her mental faculties all right up to the time of her death?

"*A.* I believe so.

"*Q.* Do you remember her brother Henry Lerche being there?

"*A.* Yes.

"*Mr. Terry:* All this testimony is taken subject to our objection.

"*The Court:* Yes.

"*A.* I remember her brother Gustave Lerche coming there twice before her death. The last time he was there was on Sunday. He came on Sunday morning before she died. I can't say what morning she died on.

"*Q.* Did Mrs. Still say anything to you about wanting him to stay all night?

"*A.* She did.

"*Q.* What did she say? What reason did she give you for not wanting him to go?

"*A.* She said she didn't want to think of his being on the road; afraid he was going to—

"*Q.* Did she tell you what he was going to do?

"*A.* She did not.

"*Q.* In the morning did you have any conversation with Gustave E. Lerche?

"*A.* Yes; I did. He wanted me to come in the house. He was going to take something.

"*Q.* Where did you go then?

"*A.* We went into her bedroom.

"*Q.* What was done after you got into her bedroom?

"*A.* He went in the closet and got a small hand bag or satchel and says: 'This is the valuables. I won't say what they are, but they are valuables.'

"*Q.* How far away was she at that time?

"*A.* About four feet, I should judge.

"*Q.* What did he do then?

"*A.* He stooped down and kissed her good-bye. He left the house at that time. She died the next morning."

Cross-examination by Mr. Terry:

"*Q.* To whom were these remarks addressed: 'These are valuables. I won't say what they are?'

"*A.* I don't know whether they were addressed to me or to her, but he was looking at me.

"*Q.* You supposed he was speaking to you?

"*A.* Yes; after Mrs. Still was buried he told Mr. and Mrs. Kishpaugh and myself that he had taken and carried away $3,000. I think he said he put it in the banks at Bay City.

"*Q.* What did you observe him carrying away from there that morning when he said, 'This contains valuables?' What did he have; what were they in? Done up in a paper or what?

"*A.* I can't say; they were in this little red satchel or hand bag, whatever you call it.

"*Q.* What he had was a little red satchel in his hand?

"*A.* Yes.

"*Q.* Did he have anything else in his hand, in any way, except the little red satchel?

"*A.* No; I don't think so.

"*Q.* What he referred to in speaking of valuables, was that this little satchel contained valuables?

"*A.* Yes, sir.

"*Q.* You didn't know what was in that satchel?

"*A.* No.

"*Q.* You didn't know whether these valuables were his or hers or whose valuables they were?

"*A.* I couldn't say."

On the 10th day of September, 1912, the day the money was taken, Gustave E. Lerche deposited $1,000 in the First National Bank of Bay City, taking a certificate of deposit payable to G. E. Lerche or Mrs. George Still, who, it is conceded, is the same person as Charlotte M. L. Still. He also, on the same day, deposited $1,000 in the Bay City Bank of Bay City, in the savings department. The books of the bank show the following entry relative to the transaction:

"Account opened by G. E. Lerche and/or Charlotte Still. She is ill and cannot write, but has an equal interest in money. She is sixty-seven years old. Charlotte Still also to draw. Address, Akron, Mich. R. F. D. number 3."

On the same day Gustave E. Lerche, who was also

known as G. A. Lark, deposited $1,000 in his own name in the savings department of the Old Second National Bank of Bay City.

Complainant seeks to establish the gift and the trust by the declarations of said Gustave E. Lerche made to Frederick Kishpaugh and others and by a letter written by Gustave E. Lerche to Frederick Kishpaugh, which reads as follows:

"WISNER, September 10, '12.

"I have thought over the matter of this money and have come to the decision that I have no authority to pay any of this money over to anybody, only as Charlotte told me in plain words the money was left with me in trust to put on interest, the interest to go yearly to Lillie, for a period of twenty-four years, after that the money is to be divided between Henry's children. I promised Charlotte on her deathbed to do this much for her and I am going to keep my word to her.

"Yours truly,

"G. A. LARK."

Without these declarations and the testimony of witness Chase, the record is absolutely barren to show any evidence that Charlotte M. L. Still intended to give the money in question as claimed by complainant. At the time the money was taken, 24 hours before her death, it does not appear whether she was awake or asleep, or was conscious of what was taking place. The mere taking of the money as testified to by the witness Chase does not show a delivery of the money, and, in our opinion, is not sufficient to sustain the gift. *Casserly* v. *Casserly*, 123 Mich. 44 (81 N. W. 930). Gifts of this character, under the authorities, must be consummated by a delivery, either actual or constructive, and the intention of the donor to place the property beyond his or her control must be clear. The way in which Gustave E. Lerche deposited the money in the banks is convincing to our minds that he fully recognized at the time the right of Charlotte M. L. Still to the money, and is entirely

inconsistent with complainant's claim that the money had been absolutely turned over to him in trust.

In the case of *Campbell* v. *Sech,* 155 Mich. 634 (119 N. W. 922), this court said that evidence of declarations and admissions of the donor are not sufficient to establish a gift, and are only admissible as corroborative of other testimony, citing 20 Cyc. p. 1225. The case of *Kremer* v. *Mette,* 148 Mich. 376 (111 N. W. 1086), is relied upon to sustain the proposition that the letter above set forth is sufficient to constitute a declaration of trust. It is true that, under this authority, the letter might be used to bind the estate of Gustave E. Lerche, but, not being the writing of the conceded owner of the property, as was the case in *Kremer* v. *Mette, supra,* it is not binding upon the estate of Charlotte M. L. Still.

We are of the opinion that the proofs were insufficient to establish the gift and trust, and that the conclusion of the chancellor was erroneous.

His decree is therefore reversed, and a decree will be entered in this court directing the payment of the money here involved to Frederick Kishpaugh, administrator of the estate of Charlotte M. L. Still, deceased, but, in view of all the circumstances of this case, without costs.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.