SILAS E. VANNETER v. DANIEL L. CROSSMAN AND GEORGE
G. WHIPPLE.

*Plaintiff in attachment cannot maintain replevin—Rehearing—As-
signment of errors—Estoppel.*

An officer has no authority to deliver property which he has attached
to the plaintiff in attachment while the suit is still pending; and
the plaintiff cannot maintain replevin for it.

A case must be reheard, if at all, on the record, and not on affida-
vits explaining the facts.

When an attachment proceeding has gone down, the officer still
holds the property until notified, or until he learns that the suit
is discontinued.·

An exception to a charge may be supported in the Supreme Court
by the assignment of any reasons which the record will justify,
whether·they were stated in the court below or not.

The assertion of a valid ground of defense does not preclude reli-
ance on a different one that is equally valid and is consistent
with it.

Error to Ingham.   Submitted Oct. 25.   Decided Oct. 31.

REPLEVIN.   Defendant brings error.

*Smith & Smith* for plaintiff in error.

*E. D. Lewis* and *M. V. & R. A. Montgomery* for
defendant in error.

COOLEY, J.   The fatal defect in the case of the plain-
tiffs in the court below was that Vanneter held the
property which they replevied, by virtue of their own
attachment.   It may be perfectly true that they caused
the attachment to be levied under a mistake regarding
their legal rights; but the fact remains that Vanneter
had seized and then held the property under the com-
mand of their own writ, and he had no authority to
deliver it over to them while the attachment suit was
pending.   The demand they made upon him was con-
sequently an idle form.

It is very plain that Vanneter could not be a wrongdoer as to these parties by obeying the command of their own writ. The fact that he also claimed to hold the property by virtue of another writ was immaterial, for if the other writ had never been sued out, the result must still have been the same. It may have been their misfortune that they put their own property into the custody of the law, but there it was when this suit was brought, and the officer to whose custody they had confided it could not be punished with the costs of a suit for declining to surrender his trust. If any error was committed in suing out the attachment, the officer should not be made to suffer for it, for it was certainly not his error.

The circuit judge instructed the jury that if the property was purchased by the plaintiffs below and paid for by them under an arrangement that it was to be theirs until paid for by Watkins, then the plaintiffs would be entitled to prevail. It is evident from the charge that the judge had his attention particularly directed to the question whether the levy of the attachment would not estop the plaintiffs from subsequently asserting title in themselves to any of the property attached; but the instruction given covers the whole case, and we have no alternative but to reverse the judgment.

The other Justices concurred.

Motion for rehearing. Submitted November 19. Decided November 22.

*E. D. Lewis* for the motion.

*Q. A. Smith* against.

COOLEY, J. Motion is made for a rehearing in this case on the ground that the court misapprehended the facts in giving its decision, and that the point on which the case was made to turn was not raised in the circuit court. An affidavit explanatory of the facts is offered

on the part of defendants in error, and another on the other side disputing its statements; but we cannot listen to these. The case must be disposed of on the record as it comes to us.

The action in the court below was in replevin, brought by defendants in error for a yoke of cattle which they claimed as their own property. It appeared, however, that they had previously attached the same cattle as the property of one Watkins, an absconding debtor; that their suit was discontinued; that afterwards Mead & Fleming attached them also as the property of Watkins, plaintiff in error serving the writ; and that still later the defendants in error attached them again, putting their writ into the hands of plaintiff in error. As we understood it, it was while the cattle were held by plaintiff in error as constable that they were taken by virtue of the writ in this suit; and we held this to be a fatal objection. It is now said it appears from the record, by plain inference if not expressly, that the constable did not so hold the property at the time this suit was brought.

The part of the record to which our attention is called, is the following: A witness who acted as counsel for defendants in error being on the stand, and having testified in relation to the first attachment, and that he advised Whipple in relation to it, the examination proceeded as follows:

"Q. Did you advise him in regard to the second attachment?
A. Yes.
Q. Mead & Fleming had then got out an attachment?
A. Yes; and I learned that there was a defect in the officer's return. I told Mr. Whipple he might get out a second attachment: it would do no harm, and we would have a chance to look up whether the return was amendable or not. And he did get out that second attachment and we never went near it at all."

Now it is said that what the parties never went near at all was their own second attachment; and as the writ in that suit was issued more than twelve days

before the replevin suit was instituted, it had necessarily gone down before the cattle were taken on the writ of replevin. The evidence, as it appears in the record, is somewhat ambiguous, and it is not clear whether the witness means that the parties did not go near their own attachment suit or that of Mead & Fleming, in respect to which a question was to be looked up, apparently for the purposes of a contest. But it is of no importance which suit the witness had in mind; for if the parties allowed their own suit to go down, the plaintiff in error would nevertheless hold the property under their writ, as well as under that of Mead & Fleming, until he was notified of the discontinuance; and nothing in the case indicates that he had such notice, or was aware of the fact, before the cattle were taken from him on this writ.

But it is contended that even conceding this, the point is not open to plaintiff in error because not taken in the court below. A brief reference to the record will show this position to be unfounded. The circuit judge instructed the jury that if the purchase of the cattle was made by Watkins for the plaintiffs and paid for them under an arrangement that the property was to be theirs until paid for by Watkins, then the plaintiffs would be entitled to prevail. This charge rendered it necessary that all the facts entitling the plaintiffs to recover should appear; and if any fact essential to a recovery did not appear, the charge was erroneous. The defendant excepted to the charge, and he assigns in this court as a reason why the charge was erroneous, the fact that the plaintiffs had shown that defendant was holding the property under their own writ, whose command he was not at liberty to disobey. He would have been equally at liberty to assign any other fatal defect in the plaintiff's case whether mentioned in the court below or not. He made his point in the court below by excepting to the erroneous charge; and he was at liberty to assign any number of reasons why it was erroneous which he could justify by the record. A

party is never restricted in this court in the suggestion of reasons in support of his exceptions.

But it is further urged that the case proceeded in the court below on a substantial admission of the defendant that he knew the attachment suit of plaintiffs was disposed of, and only claimed to hold the cattle under the attachment of Mead & Fleming. We find in the record no evidence that such was the fact. It is true that in one of the instructions which defendant requested the judge was asked to charge that when Vanneter took the cattle into his possession under the writ of attachment in favor of Mead & Fleming and against the property of Watkins, which writ was valid at the time he took them, he thereby acquired a valid possession which plaintiffs, by reason of their having previously treated the property as belonging to Watkins, were not at liberty to dispute. This may seem to afford some countenance to the suggestion that he only claimed to hold under the Mead & Fleming writ. But it must be remembered that Vanneter held the cattle under the attachment of Mead & Fleming as the first lien; and the point suggested by this instruction was not the same with the one on which the case was decided. The fact that there was a question of estoppel arising out of the taking of the property on their own attachment, did not preclude the defendant from raising the further question that under the circumstances he was entitled to hold the cattle as against them on the prior writ. It is true that if that position was sustained it rendered the other unimportant; but it is by no means uncommon for counsel to put what in effect is the same request in different forms, and it is very unsafe to draw conclusions therefrom so violent as would be the conclusion in this case that because the defendant insisted on his right to hold the property on the attachment of Mead & Fleming, he thereby conceded that he was not holding it under an attachment which confessedly was subsequent and subordinate.

The last request for instructions by the defendant was, that "The taking of the cattle in question by the plaintiffs under a writ of attachment against Watkins, and retaining them under such writ by the consent and with the direction of the plaintiffs is such an act as estops them from setting up title in themselves against any person who has acquired rights in the cattle by treating them as the property of Watkins." If we err in supposing that by this the counsel assumed that the defendant was then detaining the property by the consent and direction of the plaintiffs, there is nothing in the record by which we may be set right.

It is greatly to be regretted when a case goes off because of an imperfect presentation of the case on the record; but whether that is or is not the fact here, we see no escape from our previous conclusion. We must therefore deny the motion.

The other Justices concurred.