42 465
112 541

SILAS E. VANNETER v. DANIEL L. CROSSMAN AND GEORGE G. WHIPPLE.

*Estoppel—Statements of a party in evidence for himself.*

An estoppel arises from the act and not the intention of it.

Where a creditor, by attaching property and by his representations leads another creditor to suppose that he also has a right to attach it, and he does so, the first is estopped as against him from thereafter claiming that he himself was the owner of it.

Where an attaching creditor had induced another creditor to levy an attachment which afterward became a prior lien by reason of the discontinuance of the first suit, the former is estopped, in so far as the value of the property may be needed for satisfying the latter claim, from asserting that the ownership of the property was in himself.

Whether advancing the money to pay for an article gives one any other interest in it than as security for its price—*Q.*

The declarations of a party may be put in evidence against his interest, and where part of a statement or conversation is given for that purpose, he may himself bring out whatever has been omitted that bears on it.

A party cannot escape the force of adverse evidence by introducing his own statements made before the trial to his attorney.

Error to Ingham. Submitted October 10, 1879. Decided January 20, 1880.

REPLEVIN by Crossman and Whipple for a yoke of oxen belonging to one Watkins and held by Vanneter as constable under writs of attachment against Watkins, taken out first by Crossman and Whipple and afterwards by Mead & Fleming. It appears that the first attachment suit had been discontinued, and it is not shown that Vanneter was notified of that fact when the writ of replevin was taken out against him. Whipple gave some evidence tending to show that he and his partner Crossman had advanced the money to pay for the oxen and that they had a lien on them for the amount until it was repaid. Defendant brings error.

*Smith & Smith* for plaintiff in error. Intent to deceive is not necessary to an estoppel, *Horne v. Cole,* 12 Amer., 111; *Truesdail v. Ward,* 24 Mich., 117; costs and expenses may be the basis for it as well as anything, *Meister v. Birney,* 24 Mich., 440.

*E. D. Lewis* and *M. V. Montgomery* for defendants in error. It is not ·enough that a party may have been misled or injury done, to raise an estoppel, Herman's Estoppel, §§ 330, 335; one cannot be estopped from asserting the truth merely because his conduct has been construed to mean something he never intended, Bouv. Dict., tit. Estoppel; Co. Litt., 352; 2 Pars. Cont., 793, 800; 1 Addison Cont., § 249; Herman's Estoppel, §§ 342, 329, 331; Bigelow's Estoppel, 556; estoppels are only allowed to prevent injustice, ib. § 324, *et seq.*

MARSTON, C. J. We are not satisfied that this case differs materially from the shape in which it was presented before [39 Mich., 610] as to the notice to the officer of the discontinuance of the Crossman and Whipple attachment proceedings.

The court, however, was clearly in error in the charge given in reply to a question asked by one of the jurors.[1]

---

[1] The juror's question and the reply of the court were as follows:

Juror—"It is in regard to the summing up of your charge,—in regard to whether there was any testimony given in this case to prohibit or stop in this matter, as was talked of by counsel."

, Court—"What I said or intended to say was, that I was not aware that there was any evidence in the case tending to show that the attachment proceedings were commenced by Crossman & Whipple with the intention on their part of causing the defendants, principally Mead & Fleming, or the general public, to understand that they did not own the property in fact. But it was left to you to determine whether there was any such evidence in the case tending to show, and which in your opinion was sufficient to show that these proceedings were commenced with the purpose of causing it to be understood by Mead & Fleming or the general public that they did not claim an interest in this property."

Mr. Reed, attorney for defendant—"Should not that be left entirely to the jury, as to whether they find anything in the evidence in relation to that?"

Court—"Unless they intended by these proceedings to give Mead & Fleming to understand they didn't claim any interest in the property, they would not be estopped from now showing what the real truth was about the title. They cannot be estopped from showing what the real truth was, because Mead & Fleming may have understood from what they had done that they didn't claim any interest in the property."

In order to estop Crossman and·Whipple it would not be at all necessary that the jury should find that the attachment proceedings were commenced by them with the intention on their part of causing the defendants Mead & Fleming to understand that they, Crossman and Whipple, did not own the property in fact. It was a matter of no sort of consequence what intention they may have had, if any, upon that subject. It is the act and not the intention that governs. The owner of property may silently stand by and see it sold as the property of another, and this without any intention on his part of misleading or injuring any one, and yet the result would be the same.

It is clear, from the facts stated, that Crossman and Whipple had a claim against Watkins, who had left the State, which they were anxious to secure and collect, and that for this purpose· they treated the price advanced or paid by them for these oxen as a debt against Watkins, and the oxen as his property. They also knew that Mead & Fleming had a claim against Watkins and the amount thereof, and they informed the business manager of Mead & Fleming, of the property attached by them as the property of Watkins, and that if properly handled it would be sufficient to pay all. This last remark could have had no meaning, except upon the theory that Mead & Fleming would also commence legal proceedings and levy upon the same property for the collection of their debt. Acting upon this information· Mead & Fleming levied and obtained a valid lien upon the property, and this turned out to be a first lien, which would give them, if necessary, in order to satisfy their claim, the full value of the oxen. The change of position taken by Crossman and Whipple, if sustained, would cut off this lien of Mead & Fleming *in toto*.

Here Crossman and Whipple not only made no claim to the oxen, but by their levy, their conduct, and by words, gave other creditors of Watkins to understand that their common debtor was the owner, and this, we

must believe, with reasonable knowledge, at least, that Mead & Fleming would endeavor to secure their claim by treating the property as that of Watkins, and thus incur risks and expense they otherwise would not have done. If upon a new trial it should farther appear that Mead & Fleming did not obtain a lien upon other property sufficient to satisfy their claim, and the jury should find the above facts to be true, then they should be instructed that Crossman and Whipple would be estopped as against Mead & Fleming from claiming to be the owners of the oxen, in so far as the value thereof would be necessary, with the other property levied upon by the latter, to satisfy their claim, and this irrespective of the intention of Crossman and Whipple.    *Dann v. Cudney*, 13 Mich., 242.

It is also worthy of consideration that, under the claim now made by Crossman and Whipple, it may be a question of some doubt whether they could be the absolute owners of the property at all, or whether their claim or interest in the oxen was other than in the nature of a security for the price paid by them therefor.

There was also an error committed in the rulings in relation to evidence.    Mr. Lewis was allowed to make reference to a private call upon him by Mr. Whipple for advice before the first attachment, and to narrate Whipple's declarations then made to him in regard to the ownership of the oxen, and his motives and reasons for attaching.    The giving of this evidence was prepared for by the explanation of counsel that its object was to hinder its being inferred from the attachment proceedings that the defendants in error then considered that Watkins owned the cattle and they did not.

The declarations of a party may be given against his own interest, and when a part of an entire statement or conversation is so given, he may adduce whatever has been omitted which bears in any way upon the rest.    But he cannot, by collateral statements outside, make evidence for himself, and these statements given by Mr. Lewis

seem to be within the principle. Wharton's Ev., §§ 1100, 1101, 1102, 1104; Best's Ev. (Wood's ed.), §§ 518, 519, 520. Judgment reversed with costs and new trial granted.

The other Justices concurred.