HARRIS v. CABLE.

1. EVIDENCE—GIFT—QUESTION FOR JURY.
An executor is not entitled to a directed verdict in an action for the conversion of a promissory note alleged to have belonged to the estate, where defendant's claim that the note was a gift to her from the testator in his lifetime is supported by evidence that he had deposited to her credit amounts equal to the several payments of interest upon the note on the same days that interest was paid to him, that he had inquired of her in the presence of third parties as to what she wished done with the moneys from such note, that the note bore the indorsement of the testator, and that the defendant produced it, after the testator's death, from among her own private papers.

2. SAME—ADMISSIONS—INFERENCES.
The testimony of an alleged donee of a note from a decedent, that, at the time she produced the note in response to the request of the executor, she stated that it was hers by gift from the testator, is admissible to rebut any inference of an admission against her ownership, arising from the production of the note in response to such request.

3. TRIAL — WITNESSES — VOLUNTEERED STATEMENTS — HARMLESS ERROR.
A volunteered statement of defendant, sued for the conversion of a promissory note alleged to have belonged to plaintiff's decedent, that the plaintiff, as executor, admitted, when the note was produced, that it belonged to defendant, does not require the reversal of a judgment in her favor, where the statement was promptly stricken out with the consent of her counsel, and the jury were cautioned against giving it consideration.

Error to Saginaw; Wilber, J. Submitted April 6, 1897. Decided May 28, 1897.

Trover by Edward W. Harris, executor of the last will and testament of Jacob F. Batchelor, deceased, against Martha L. Cable, for the conversion of a promissory note.

From a judgment for defendant, plaintiff brings error. Affirmed.

*Humphrey & Grant,* for appellant.

*Hanchett & Hanchett,* for appellee.

HOOKER, J. A statement of the main facts in this case will be found in 104 Mich. 365, a former judgment being there reviewed and reversed, and a charge directing a verdict for the defendant held erroneous. Upon the present record the main question arises upon a request to direct a verdict for the plaintiff, which the court refused.

There was evidence tending to show that Miss Cable was the housekeeper of the deceased, having come to reside in his family in 1853 or 1854, when she was a young girl, and remained with him until he died. A few days after his death, at a reading of the will, a son of the deceased (who is prosecuting this case) spoke of the note in controversy, and asked the defendant where it was, or what had become of it. The witnesses disagree as to her reply, some saying that she said it was "with the other papers of the testator," and others that "that McCausland note is all right." The evidence shows that this was the last of a series of four notes, all but the first being successive renewals of a note given by McCausland & Co. to the testator for $5,000 loaned them by him. These notes were indorsed in blank by Avery, to whom, or bearer, the notes were made payable as accommodation indorser. The third and fourth notes bore the indorsement of the testator, J. F. Batchelor, in blank. It was shown that interest on the last two notes was promptly paid to Batchelor, and that upon the same days amounts equaling the respective payments were deposited by him to the credit of Miss Cable, the defendant, in a bank with which she had an account. There was testimony by one Wilke—who was a legatee under the will—that in the first days of June, 1891, while at work for the testator, he

heard a talk between the testator and the defendant. In answer to the question, "Did you hear any conversation between Mr. Batchelor and Miss Cable about the McCausland note?" he answered: "Yes. I don't know anything about the note, but I was in there. He was coming in, and asked her what she wanted to do with the money from Plumb & McCausland,—whether she wanted it turned over to the bank, or whether she wanted to leave it; and she answered back, 'Which would get the most interest?'" Another witness testified that Plumb & Mc-Causland were the predecessors in business of McCausland & Co. The defendant testified that she did not take this note from the papers of the testator after his death, and that subsequently, when she produced it, she obtained it from among her private papers, and that the first time that she saw the note after the testator's death it was among her private papers relating to her father's estate.

We are all of the opinion that this evidence justified the submission to the jury of the question whether or not the testator, who was the original owner of the claim represented by these successive notes, gave it to the defendant. From the nature of the case, no positive evidence of the transaction and manual delivery was possible,—one party being dead and the other disqualified; but the testimony of Wilke, and the conduct of the testator, as to the collection of interest, the coincidence in time and amount of the collection and deposit, are ample to give rise to an inference of ownership by the defendant, while the situation and relation of the parties, and the exceptional opportunities for surreptitiously obtaining possession of the note, made it a proper case to leave to the scrutiny of a jury. Much space, in the brief of counsel for the plaintiff, is devoted to a discussion of the presumption arising from possession of the paper. We think undue importance is attached to this question. There was no dispute over the original ownership of this claim, and the jury were instructed that the plaintiff must recover, unless they were satisfied that defendant became

the owner by gift. If she did so, and the testator afterwards collected the interest, and deposited it to her account, it does not follow that he had the custody of the note, or necessarily raise a presumption of ownership if he had. The court fairly submitted the crucial question.

Miss Cable was allowed to testify that, when she produced the note at the plaintiff's request, she accompanied it with the statement that it was hers by gift from the testator. This was not admissible as substantive evidence of the gift, but it was admissible in its tendency to rebut the inference of an admission against her ownership, sought to be drawn from the production of the note under the circumstances shown. It was not proper to show that the plaintiff there said that the note was hers, but this was volunteered by the witness, and it was stricken out at once, by consent of her counsel. The learned circuit judge was careful to caution the jury against this testimony, and we think it does not warrant a reversal of the judgment.

We think that plaintiff's counsel underrate the significance of testator's indorsement of these notes, in connection with the other testimony. If, as they claim, we must say that it was unnecessary to pass title, it may have been an intentional indorsement, by way of guaranty that the notes would be paid at maturity. It was not inconsistent with defendant's claim, and there is opportunity for the argument that he would not have been likely to indorse in blank two notes that he intended to keep, and not two other notes, which we know that he did not part with.

The number of assignments of error is large, and we must content ourselves with the discussion of the more important ones. We find no error in the record, and the judgment is affirmed.

The other Justices concurred.