## MITCHEM *v.* ALLEN & BARROW.

1. In order to entitle a defendant to the opening and conclusion of the argument, he must in his pleadings, and before the plaintiff begins to introduce testimony, admit enough to make out a prima facie case for the plaintiff.
2. Where the plaintiff firm had dissolved, and the evidence of the partners was conflicting as to whether or not there was an agreement of the character indicated in the preceding note, evidence was admissible which tended to throw light on the probability of the statements of the partners respectively on the subject.
3. A refusal to charge a principle of law not adjusted to the facts disclosed by the evidence is not error. A fortiori it is not error to omit to charge such a principle in the absence of a request.
4. Where a witness testified that one partner made certain statements in the presence of the other, and from a failure to reply acquiescence might be inferred, it was admissible to prove by him that such other partner said that it was the first he had ever heard of the matters referred to, such a statement being a part of the same conversation.

Submitted April 24,—Decided May 17, 1907.

Complaint.  Before Judge Lewis.  Morgan superior court.  July 5, 1906.

Allen & Barrow brought suit against Charles E. Mitchem, based on an open account for goods furnished to the defendant. He answered, that "he now owes plaintiffs nothing, nor did he at the time of the filing of this suit; and of this he puts himself upon the country." He further alleged, that when the firm of Allen & Barrow was formed, he indorsed a note in bank for Allen, and with the money derived therefrom the latter purchased a half interest in a business then owned by one Stovall, Barrow purchasing the other half, and the firm being thus formed; that Barrow knew the source of the funds which Allen used in purchasing his half interest, and that the defendant indorsed the note; that when it fell due Allen informed the defendant that he could not meet it, but that if the defendant would indorse a renewal note, so as to carry forward the indebtedness until fall, Allen would sell him any merchandise that

he might need, at cost, plus seven and a half per cent., and if the defendant should have to pay the indorsed note when it fell due, Allen would give him credit on the firm's books for the amount which he should pay upon the note, and charge Allen's individual account with the amount so credited to the defendant; that the defendant acted upon this agreement and indorsed the note and purchased the goods; that the contract was that he was not to pay for any of the goods until the fall; that nothing was due at the time of the suit; that he will have to pay the note, as Allen is insolvent and unable to do so; that it is greater in amount than the price of the goods purchased; and therefore he will not owe the firm or its members any amount. By amendment the defendant alleged, that the agreement was made with Allen, who was the managing member of the firm, and it was well understood and was ratified by Barrow; that the defendant has since paid off the note which he indorsed for Allen; that the latter is totally insolvent, and, unless the account sued for is allowed as a credit to the defendant, the amount paid by him will be a total loss. The jury found for the plaintiffs. Defendant moved for a new trial. The motion was overruled, and he excepted.

*Williford & Middlebrooks,* for plaintiff in error.

*George & Anderson,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. Error was assigned because the court allowed counsel for the plaintiffs to open and conclude the argument. The answer not only set up an affirmative plea, but denied the plaintiffs' allegation that the defendant was indebted to them; and as to this issue "he put himself upon the country." Moreover, he did not assume the burden of proof, but allowed the plaintiffs to proceed to make out their case, introduced evidence in his own behalf, and then claimed the right to the opening and conclusion of the argument. This claim was properly denied. *Reid* v. *Sewell,* 111 *Ga.* 880; *Southern Ry. Co.* v. *Gresham,* 114 *Ga.* 183.

2. The evidence made substantially two questions: (1) Was the account due when the suit was brought? (2) Did Barrow agree for the purchase-price of the goods to be credited on the amount which the defendant, Mitchem, should pay on account of the indorsement of Allen's note? On these subjects the evidence was conflicting. The firm of Allen & Barrow had dissolved, and Allen was a witness

for the defendant. His testimony was directly opposed to that of Barrow. The court admitted certain evidence tending to show that the firm was insolvent; that Barrow was indorser on a note of Allen for $400 which he had to pay; that he mortgaged his real estate and sold certain property in order to put money into the firm; that Allen was indebted to him a considerable sum; and that his interest was transferred to Barrow. Certain other evidence was also admitted over objection. Some of the grounds of the motion for a new trial, complaining of the admission of evidence, are too vague and indefinite to raise any question for determination by this court. If any of the evidence admitted was subject to objection, there was no such substantial error as to require a new trial. Most of it, if not all, was admissible as tending to throw light upon the probability or improbability of the story narrated by Allen and that told by Barrow.

3. One ground of the motion for a new trial complains that the court erred in failing to charge, without request, that Allen was the manager and proper person to extend credit for the firm of Allen & Barrow, and that if he sold the bill of goods in question to Mitchem, the defendant, agreeing to wait until the fall of 1905 for payment, such a contract would bind the firm unless there was some actual fraud in the sale, known to the defendant at the time. No request was made to charge on this subject. Had it been made in the language of the ground of the motion for a new trial, it would have been properly refused. It treats the transaction merely as an ordinary sale by a member of the firm on credit, and omits entirely any reference to the situation disclosed by the evidence that this was not the fact, but that the alleged credit was a part of, or connected with, the agreement in regard to paying off Allen's note with goods. The court submitted to the jury the issue of whether the account was due.

4. The defendant claimed that Barrow had ratified or assented to the arrangement between him and Allen. Barrow denied it. For the purpose of impeaching Allen, a witness was introduced, who testified to a conversation at which both Allen and Barrow were present, and in which Allen made certain statements. On cross-examination the witness testified that he thought Allen also stated that the bill of goods was sold to the defendant to be credited on the note at the bank, if he had to pay it; and that the sale was made

with that understanding.   The witness said that Barrow was pres--
ent when Allen made this statement.   On his redirect examination
.he stated that Barrow thereupon said that it was the first he had
heard of it.   Objection was made to this remark of Barrow, on the
ground that the defendant was not present.   When Allen made the·
statement in reference to the agreement with the defendant, if Bar--
row had remained silent it could have been argued that he thereby
acquiesced in it.   It was admissible to show that he did not do so.
His remark was a part of the same conversation, and was admissible..

There was no error in overruling the motion for a new trial.

*Judgment affirmed.   All the Justices concur.*