CAMPBELL v. SECH.

1. EVIDENCE—GIFTS—GIFTS INTER VIVOS.
Where, on a bill by the administrator to reach funds of the estate, defendant, who claimed the amount in question as a gift, was entitled to deny alleged conversations as to admissions, to state what such conversations were, and to show that she claimed the fund as her own, such statements were not admissible as substantive evidence of the gift, but only to repel the inference of admissions against her ownership.

2. SAME.
Evidence of declarations and admissions of the donor are not sufficient to establish a gift, and is admissible only as corroborative of other testimony; and while very slight evidence is required to establish a gift from a parent to a child, in the absence of any suggestion of fraud or undue influence, such rule does not apply where the child stood in a fiduciary relation to the parent, and had access to, and control over, his property.

3. GIFTS—WILLS—EVIDENCE.
Where it appears that decedent had made a will giving defend-

ant $800, testimony that he had stated that he had given defendant that amount was as consistent with the inference that he made such provision in the will as that of a previous gift; and where defendant's contention, if sustained, would result in her receiving more than half of the whole estate, the evidence of such gift must be clear and convincing that it was consummated by such a delivery, either actual or constructive, that the gift was beyond the control of the donor.

4. SAME—EVIDENCE—PRESUMPTIONS.

When one is intrusted with the funds of another to deposit in his own name, or in their joint names, and the funds have been thus treated, no presumption of a gift arises from the fact that the funds were deposited in the name of the party other than the alleged donor; and, where defendant admitted that such fund was deposited in a bank in decedent's name until its withdrawal, and there is no evidence showing that it was withdrawn upon his order or assent, the fact that it was withdrawn by defendant and deposited in another bank in defendant's name was no evidence of a gift to her.

Appeal from the superior court of Grand Rapids; Stuart, J. Submitted October 16, 1908. (Docket No. 102.) Reargued February 11, 1909. Decided March 3, 1909.

Bill by James Campbell, administrator with the will annexed of the estate of Christian Sech, deceased, against Nettie Sech and the Old National Bank to reach certain funds of said estate. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*Taggart & Taggart*, for complainant.

*Walter I. Lillie*, for defendant Sech.

Christian Sech, the deceased, died May 15, 1905. He left a will, executed August 7, 1899. By its terms he bequeathed $800 to defendant Nettie Sech, $800 to Fred Sech, and $5 to Augusta Molt. The residue he divided equally,

share and share alike, among seven of his children, including defendant Nettie and her brother Fred.  Mr. Sahms, his son-in-law, was made executor.  He declined to serve, and the complainant, Campbell, was appointed administrator with the will annexed.  The bill alleges that the defendant Nettie turned over to him as administrator $2,095.63, which she admitted she had in her hands belonging to the estate.  The bill alleged that she had still other funds in her hands belonging to the estate, and particularly some money deposited in her name in the defendant bank.  The defendant answered, alleging that she had paid over to the administrator all the money in her hands belonging to the estate, and that the money ($800) deposited in the defendant bank was hers, and that it was a gift made by her father to her about $1\frac{1}{2}$ years before he died.  The case was heard upon pleadings and proofs, and the bill dismissed, the court holding that the defendant Nettie made out a gift inter vivos.

GRANT, J. (*after stating the facts*).  The sole question for determination is, Has the defendant Nettie Sech established a gift inter vivos of $800 by her father to her ?  Aside from this no money is shown to be in her possession belonging to the estate.  Until about six years before his death, Mr. Sech lived on his farm with his wife and children Nettie and Fred.  He then leased the farm for $150 per year, and with his wife and Nettie moved to the city of Grand Rapids, and lived with his daughter Mrs. Sahms and her husband.  Soon thereafter he sold the farm for $2,700, and the personal property thereon for about $500.  He paid a very small amount to Mr. and Mrs. Sahms for his board, and that of his wife, who died shortly after they moved to the city.  Five hundred dollars was paid in cash upon the sale, and a mortgage was given for the balance.  Nettie was an industrious woman, and worked in factories, earning from $5 to $6 per week.  She boarded with her sister, Mrs. Sahms, paying from $1 to $1.50 per week for board.  Mornings and evenings she took care of her

father at the house of her sister. As moneys were paid in upon the mortgage they were deposited in the National City Savings Bank, the National City Bank, and the Kent County Savings Bank. The money in dispute was deposited in the defendant the Old National Bank. That account does not appear upon the record, but the substance of it is testified to by the bank teller. Defendant Nettie admits in her answer that "she did on several occasions take money for him, and deposit it in his name, and at one time he told her to deposit something like $1,400 in her name, so that she could look after it without his being present."

She testified that some of the deposits were in the joint names of herself and her father. In the National City Bank there were deposited in the name of Nettie, in 1902, two items of $400 each—one June 3d, and the other June 5th. Interest thereon was credited to this account in July and January, 1903, and January 1, 1904. February 5, 1904, $838.60 was withdrawn, and the account marked as closed. On November 18th following, on the same deposit book, there was deposited in the name of Nettie $1,443. That account was closed, Nettie withdrawing the money and paying it over to the administrator. On February 5, 1904, Nettie opened an account with the Old National Bank, depositing $838.60. This is the amount she claims as a gift by her father to her. Complainant offered evidence to the effect that after her father's death Nettie admitted to some witnesses that she had $3,000 in her possession belonging to the estate, and to other witnesses that she had $2,900. She admitted that she said to some of these parties that she had $2,900, including the $800 given her by her father. These bank statements were also introduced in evidence by the complainant.

Defendant Nettie testified in her own behalf, and was shown by her counsel the bank book of the defendant bank, showing the item of $838.60, and asked: "That is yours, is it? *A.* Yes, sir." She further testified that she told Mrs. Sahms, her sister, that her father had given her

the $800. She also introduced evidence of statements made by her to other persons that he had given her $800. Nettie was entitled to deny the conversations as to her admissions, and to state what the conversations were. She also was entitled to show that she claimed the money as hers. These statements, however, were not admissible as substantive evidence of the gift, but to repel the inference of an admission against her ownership. *Harris* v. *Cable*, 113 Mich. 192; 20 Cyc. p. 1223. Complainant had given evidence of admissions, which, if true, would show that Nettie had $800 in her possession belonging to the estate. This testimony had no reference to any statements made by her father to her; neither can it be construed as referring to a gift, or to any facts equally within the knowledge of the deceased. This evidence on the part of the complainant did not open wide the door which the statute closes against testimony equally within the knowledge of the deceased. Except, therefore, as showing a claim of ownership on her part, it must be excluded from consideration. With her testimony excluded, we do not think there is evidence sufficient to establish the gift. Evidence of declarations and admissions of the donor are not sufficient to establish a gift. They are only admissible as corroborative of other testimony. 20 Cyc. p. 1225. It is true that very slight evidence is required to establish a gift from the parent to a child, where there is no suggestion of fraud or undue influence (*Love* v. *Francis*, 63 Mich. 181); but that rule does not apply to a case where the child stands in a fiduciary relation to the parent, and has access to, and control over, his property. *Snyder* v. *Snyder*, 131 Mich. 658.

A very important factor in this case is the fact that Mr. Sech had already bequeathed to his daughter $800 out of a very small property. The ordinary layman in speaking of this would naturally say, "I have given my daughter $800." Such language is as consistent with the idea of a will as of a previous gift. *Clay* v. *Layton*, 134 Mich. 317, 334. Under the contention of the defendant, he

had given her $1,600, more than half of the property he possessed. Under all the authorities, such gifts must be consummated by a delivery, either actual or constructive, such as will place the property beyond the control of the donor, and the intention to do so must be very clear. *Chambers* v. *McCreery*, 106 Fed. 364, 45 C. C. A. 322; *Casserly* v. *Casserly*, 123 Mich. 46; *Chaddock* v. *Chaddock*, 134 Mich. 48, and authorities there cited. Where one, whether child or stranger, is intrusted with the funds of another to deposit in his own name, or in their joint names, and the funds have been thus treated, no presumption of the gift arises from the fact that the funds are deposited in the name of the party other than the alleged donor. Furthermore, it is admitted by the defendant herself that this money was deposited in the National City Bank as her father's money, and remained as his money until it was withdrawn in 1904. There is no evidence that this money was withdrawn from the National City Bank upon the order or with the assent of Mr. Sech. The receipt is given by her and reads as follows:

"$838.60.                  GRAND RAPIDS, MICH. 2–5–04.
"Received from the National City Bank, Savings Department, eight hundred thirty-eight and 60-100 dollars, which amount has, in my presence, been charged on my passbook No. 482.
    "Witness: Miss Nettie Sech,
        "Owner of Said Passbook."

The clerk of the National City Bank having charge of the savings department testified:

"This account was opened in the name of Nettie Sech, and as a convenience Christian Sech has the privilege of drawing the money. I do not know the signatures, as I have never seen the parties, nor had any dealings with the signatures."

We are compelled to the conclusion that the decree of the learned judge of the superior court was erroneous. It is therefore reversed, and decree entered in this court di-

recting the payment of the money on deposit in the defendant bank to be paid over to the administrator. In view of all the circumstances of this case, the decree is reversed, without costs.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, HOOKER, MOORE, BROOKE, and McALVAY, JJ., concurred.