# Eskind et al. v. Southern Trust Company.

(Decided March 14, 1930.)

STITES & STITES for appellants.

WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellants, Manuel Eskind and his brother, Ernest Eskind, were negotiating in June, 1928, for the purchase of the Herman Straus & Sons department store in Louisville, and to enable them to make the purchase it was necessary for them to procure a loan of $250,000 on the real estate, and to this end they interviewed the president of the Southern Trust Company in an endeavor to have that company procure such loan from the Metropolitan Life Insurance Company. The Southern Trust Company agreed to endeavor to procure the loan and, if it was procured, it was to receive a commission of 2 per cent, and its expenses not to exceed $350. An application for the loan was made to the Metropolitan Life Insurance Company, and appellee claims that the insurance company offered to make the loan and set aside $250,000 for that purpose, and that the terms of the loan were agreed to by appellants, among which were that the interest rate should be 5½ per cent. and that the loan should be amortized at the rate of 2 per cent. annually. Appellants did not accept the loan from the Metropolitan Insurance Company, but obtained the money from another source.

The Southern Trust Company brought this action against the Eskinds for the agreed commission which it alleged had been earned and for the expense incurred by it in procuring an offer from the Metropolitan Insurance Company to make the loan. It recovered a judgment against appellants for $5,122.60, and they have appealed.

The only grounds relied on for reversal are: (1) Alleged error of the trial court in excluding competent evidence offered by the appellants, and (2) error in the instructions.

Appellants concede that all terms stipulated by the insurance company were accepted by them except the rates of interest and amortization. The insurance company offered to make the loan on the basis of 5½ per cent. interest and 2 per cent. amortization. Appellants claim that they did not accept these terms; on the contrary, they claim it was insisted by them at all times during the negotiations that the rate of interest should not exceed 5 per cent. per annum and the rate of amortization 1½ per cent. per annum.

Appellee took the deposition of Byron Clayton, an attorney for the insurance company, and he was questioned concerning a conversation he had with Mr. Lawrence Berenson, an attorney representing the appellants, and he made this answer: "On or about August 10, 1928, Mr. Lawrence Berenson called at my office, Room 5031, No. 1 Madison Avenue, New York City, and, representing himself to be the attorney for the Southern Realty and Investment Company, stated that he was trying to arrange for several changes in the terms of the loan. Several minor changes were agreed to by the Metropolitan Life Insurance Company. Mr. Berenson then asked that the term of the loan be changed from fifteen to twenty years and that the amortization payments of 2% per annum changed to 1½%. The Metropolitan Life Insurance Company refused to make these changes. Mr. Berenson then stated that he would go to Louisville, Kentucky, to consult with the Southern Realty and Investment Company and requested that the closing of this loan be held in abeyance until he had had opportunity to meet his client. He stated that as soon as he had had this opportunity he would advise me as to whether or not the Southern Realty and Investment Company would close the loan on the terms communicated by me to Mr. Myatt in my letter of August 2nd."

The Southern Realty & Investment Company was a corporation organized by appellants to which the real estate, on which a mortgage was to be given to secure the proposed loan, was to be conveyed. After the deposition of Clayton had been read at the trial, appellants put Berenson on the stand. When Berenson undertook to state the entire conversation of August 10, with Clayton, counsel for appellee objected and his objection was sustained, and the witness was not permitted to testify as to the conversation with Clayton. An avowal was made that if permitted to answer the witness would state that he did talk to Mr. Clayton and agreed to several minor changes in the terms of the proposed loan, but definitely advised Clayton that the terms insisted on by the Metropolitan Life Insurance Company, namely, $5\frac{1}{2}$ per cent. interest and 2 per cent. per annum amortization, were not in accordance with the terms authorized and agreed to by the Messrs. Eskind, and that in his opinion they would not accept the loan on these terms. But for the testimony of Clayton, the offered testimony of Berenson was clearly incompetent. However, Clayton's testimony, unexplained, would clearly lead to the inference that the 2 per cent. amortization rate and $5\frac{1}{2}$ per cent. interest rate had been accepted by the appellants.

These are the only terms in dispute, and if appellants could show that Berenson made no admission on the occasion in question either impliedly by silence, or otherwise, they were entitled to do so. Where a part of the conversation is put in evidence, the adverse party is entitled to prove the remainder of the conversation, particularly in so far as it modifies or explains the part admitted, although it may be self-serving. Collins v. Commonwealth, 227 Ky. 349, 13 S. W. (2d) 263; Louisville Times Co. v. Lancaster, 142 Ky. 122, 133 S. W. 1155; Hurst v. Mechlin (Ky.) 119 S. W. 807; Mitchem v. Allen & Barrow, 128 Ga. 407, 57 S. E. 721; Campbell v. Sech, 155 Mich. 634, 119 N. W. 922; Singer v. National Fire Insurance Co., 154 App. Div. 783, 139 N. Y. S. 375; Carstensen v. Ballantyne, 40 Utah, 407, 122 P. 82; Yeska v. Swendrzynski, 133 Wis. 475, 113 N. W. 959. In Jones on Evidence (2d Ed.) vol. 2, p. 340, sec. 715, the author says:

"Testimony, which would be clearly irrelevant or incompetent if offered by one party in the first

instance, may become very pertinent in rebuttal or explanation of evidence offered by the adversary. Perhaps this is most frequently illustrated by cases arising where parts of a conversation or act are proved. In such instances other connected parts of the same conversation become relevant. Where part of a conversation is given in evidence, any other or further part thereof may be admitted in reply which in any way explains or qualifies the part first given.''

After plaintiff had been permitted to prove a part of the conversation of Clayton and Berenson, it was error, under the circumstances, not to permit the defendants to prove the remainder of the conversation in so far as it explained the part admitted.

The sole issue raised by the evidence was whether or not appellants had agreed that the rate of interest should be 5½ per cent. and the rate of amortization 2 per cent. Appellants do not contend that there was any dispute as to any other terms. They offered a concrete instruction on this issue. The court refused to give this instruction and instructed the jury that if they believed from the evidence that the Metropolitan Life Insurance Company was ready, able, and willing and agreed to make the loan upon terms which were acceptable to and accepted by the defendants, or either of them, they should find for the plaintiff. Inasmuch as the only issue made by the evidence was as to the interest and amortization rates, we are not prepared to say that the instruction alone is so prejudicially erroneous as to authorize a reversal of the judgment; but since the judgment must be reversed for reasons heretofore stated, the court will, on another trial, if the evidence is substantially the same, give a concrete instruction on the only issue raised by the evidence.

Judgment is reversed, with directions to grant appellants a new trial and for further proceedings consistent herewith.